[L. A. No. 1653.   Department Two.—February 26, 1907.]

CHARLES I. TRAVELLI, and DAVID WITHINGTON, Respondents, v. M. S. BOWMAN, Administrator of the Estate of George R. Senior, Deceased, Appellant.

DEED OF TRUST—REFORMATION OF DESCRIPTION OF PROPERTY—OUT-LAWED NOTE.—Where the property secured by a deed of trust located the property described in the wrong county, an action may be commenced in the county in which the property deeded was in fact located, to have the deed reformed, notwithstanding the note secured thereby was barred by the statute of limitations when such action was brought.

ID.—EFFECT OF DEED OF TRUST—TITLE IN TRUSTEE—POWER TO SELL FOR OUTLAWED DEBT.—A deed of trust to secure a debt is not a mortgage, but passes the legal title to the trustee, for the purposes of the trust which remains in him until the debt is paid or a sale is made

of the premises under the deed; and the fact that the debt secured is outlawed does not affect the title of the trustee, or his power to sell to pay the debt.

ID.—EFFECT OF REFORMATION OF DEED.—The reformation of the deed so as correctly to describe the property secured is not to do a vain thing, but to perfect a valuable right to property in the trustee for the purposes of the trust.

ID.—LACHES—DISCOVERY OF MISTAKE.—Laches is not imputable to the creditor or the trustee, where they had no knowledge of the mutual mistake in the description of the property until about one month prior to the commencement of the action to reform the deed.

ID.—IGNORANCE OF TRUSTEE—FAILURE TO EXAMINE DEED.—The fact that the trustee, who did not know that the trust-deed was among his papers, did not examine the deed so as to discover the mistake, is not evidence of any laches that would defeat the action to reform the deed. The mere failure of the grantee to read the instrument with sufficient attention to perceive the error or defect in its contents will not prevent its reformation at his suit.

APPEAL from a judgment of the Superior Court of Riverside county and from an order denying a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellant.

Withington & Carter, and Collier & Carnahan, for Respondents.

McFARLAND, J.—This action was brought against M. S. Bowman, administrator of the estate of George R. Senior, deceased, to obtain a judgment reforming the description of land in a certain deed of trust. Judgment went for plaintiffs, in accordance with the prayer of the complaint, and from the judgment and from an order denying his motion for a new trial the defendant appeals.

The main features of the case are these: In March, 1896, George R. Senior, since deceased, was, and for a long time prior thereto had been, indebted to the plaintiff Travelli in a large sum of money, secured by a mortgage on certain real property situated in the county of Riverside. The debt secured by the mortgage was about to be outlawed when the plaintiff Travelli, who lived in Massachusetts, employed the

plaintiff Withington, a lawyer practicing in San Diego, California, to look after his claim against Senior and make some disposition of it. Withington went to Riverside and had an interview with Senior, and it was finally agreed that Senior should make a new note to Travelli for eighteen thousand dollars and give a deed of trust to Withington to secure the payment of the same, and that the mortgage should be discharged. Withington went back to San Diego and had a draft of the note and deed of trust prepared, which he gave to one Carter, who was a clerk in his office, to copy. When Carter presented the deed to Withington the latter discovered that he had described the land as in San Bernardino County, when in fact it was in Riverside. He told Carter to make the correction and to then send the deed on to Senior to be executed, Withington going away from home for a few days. Carter corrected the deed, but unfortunately made another mistake by describing it as in San Diego County. He sent it on to Senior, by whom it was executed and returned to Carter. Carter had been instructed by Withington to send the deed on to Travelli in Massachusetts, but for some reason this was not done, and the deed was left among the papers in Withington's office. There was also another defect in the description. Withington did not see the deed or know of the misdescription until after the death of Senior, which occurred on or about the 10th of July, 1903. Upon the death of Senior, Withington commenced to look for papers connected with the business between Senior and Travelli, and found the deed in his office, and noticed for the first time the misdescription. This action was commenced within a month after the discovery of the mistaken description. At the time of the commencement of this suit the said note of Senior to Travelli had been outlawed for the period of about a month. Appellant pleaded the several provisions of the code touching the limitations of actions.

The main contention of appellant for a reversal is that the reformation of a trust-deed should not be granted by a court of equity after the note which is secured by the deed has been barred by the statute of limitations. This contention is not maintainable. Appellant has cited some cases to the point that a court of equity will not entertain a suit to reform a deed where it appears that the plaintiff would have no rights under the deed when reformed, and that the reformation would

be a mere vain act. The theory of those cases is well illustrated by the case of *Thompson* v. *Phœnix Ins. Co.*, 25 Fed. 296. The action there was to reform a policy of insurance issued by defendant, *and to recover on the reformed policy.* It appeared, however, that the contract sued on and set out in the complaint contained a provision that no action could be maintained thereon unless brought within twelve months next after the date of the fire from which loss should accrue, and it appeared that in that case the time had expired, so that, even though the policy should be reformed, the plaintiff would have no legal rights whatever under it as reformed; and the court very properly held that it would not undertake the work of reformation when it was apparent that it would be a vain thing to do it. The court said: "But the court will not reform an instrument merely for the sake of reforming it, but only to enable a party to assert some right thereunder. And if an action thereon by the assured to recover the amount of loss is already barred by lapse of time, there is no claim that can be asserted under it against the defendant." But no such principle applies in the case at bar. The deed in question in this case is a typical deed of trust to secure a debt, well known under the California law; and it has been frequently held here that such a deed is not a mortgage, but conveys the title to the trustee for the purposes of the trust, and that the title remains in the trustee, unless the debt has been paid or a sale made of the premises under the deed. The fact that the debt secured has become outlawed does not affect the title of the trustee. (*Grant* v. *Burr*, 54 Cal. 298; *Savings and Loan Society* v. *Burnett*, 106 Cal. 528, [39 Pac. 922]; *Weber* v. *McCleverty*, 149 Cal. 316, [86 Pac. 706].) By the reformation of the deed in question here the plaintiffs are therefore put into the position of holding and asserting title to the land in question until the truster should have become entitled to a reconveyance by payment of the debt and to sell the property under the deed. To reform the deed, therefore, is not to do a vain thing, but to perfect a valuable right to property in the respondent.

The other points made by appellant may be condensed into the asserted proposition that plaintiffs have by want of diligence in discovering the mistake been guilty of laches, which estops them from maintaining the action. We do not think

that this contention is available. The court found "that plaintiffs, David L. Withington and Charles I. Travelli, or either of them, did not discover, nor had they or either of them, any knowledge of said mutual mistakes in the description of said property, as contained in said deed of trust, until on the 14th day of July, 1903, about one month prior to the commencement of this action," and did not "have any knowledge of any fact or facts sufficient to put them, or either of them, upon inquiry as to said mutual mistake until the 14th day of July, 1903, and after the death of said George R. Senior," and "at all times believed, and, as reasonably prudent men, had reasonable cause to believe, that the descriptions contained in said deed of trust were correct and in accord with the intentions of the parties to said instrument, viz.: Charles I. Travelli, David L. Withington and George R. Senior." And we think that these findings were amply supported by the evidence. The mere fact that Withington, who did not know that the deed was among his papers, did not examine it, is not evidence of any laches that would defeat this action. In *Los Angeles etc. R. R. Co.* v. *New Liverpool Salt Co.*, *ante*, p. 21, [87 Pac. 1029], this court says: "It has been frequently decided that the mere failure of a party to read an instrument with sufficient attention to perceive an error or defect in its contents will not prevent its reformation at the instance of the party who executes it thus carelessly," (citing cases). And certainly such rule applies to the grantee in a deed as strongly as to the grantor.

We see nothing more in the other contentions of appellant which requires special notice.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.