[Sac. No. 1738. Department Two.—September 20, 1910.]

SACRAMENTO BANK (a Corporation), et al., Respondents, v. J. W. MURPHY, as Administrator of the Estate of Ellen M. Murphy, Deceased, Appellant.

DEED OF TRUST—DEATH OF ORIGINAL TRUSTEES—APPOINTMENT OF NEW TRUSTEES—ACTION TO CONFIRM APPOINTMENT AND TO DETERMINE TITLE.—Under a deed of trust of land given to secure an indebtedness, which provided that the lender might from time to time appoint other trustee or trustees to execute the trust, and upon such appointment and a conveyance to them by the original trustees, the survivor of them, their successors or assigns, the new trustees should be invested with all the titles, interest, powers, duties, and trusts vested upon the original trustees, upon the death of all of the original trustees, the lender had authority to appoint other trustees in their place, and might maintain a single action in the superior court to confirm the appointment of the trustees so selected, to obtain a

decree that they were invested as successors to the original trustees of all the titles in the trust property, and clothed with all the powers conferred on their predecessors, and to authorize them to proceed with the execution of the trust in conformity to its terms.

ID.—POWER OF COURT TO APPOINT TRUSTEES.—Assuming that the lender had no right to appoint trustees, the allegations in the complaint that it had done so, did not detract from its sufficiency as a pleading. The complaint being otherwise sufficient, the court had power, under sections 2287 and 2289 of the Civil Code, to select either its own trustees or those appointed by the lender.

ID.—DECREEING DEBT TO BE LIEN ON LAND.—NATURE OF ACTION NOT CHANGED.—The fact that the court in its decree adjudged that the debt to secure which the trust-deed was given should constitute a lien upon the land, did not determine the nature of the action so as to make it one to foreclose such deed as a mortgage, where neither the complaint nor the decree directed the sale of the property, as in actions for foreclosure, but in the manner and in accordance with the terms of the deed of trust.

ID.—STATUTE OF LIMITATIONS NOT BAR TO ENFORCEMENT OF TRUST-DEED.—The action being one to construe a trust-deed and direct its enforcement, the plea of the statute of limitations has no place. The trust-deed conveyed the title to the trustees for the purposes of the trust, and the title remains there until the debt is paid or the property sold under the trust-deed for that purpose, and the power of sale to pay the debt given to the trustees may be enforced, when otherwise the statute might be interposed to defeat an action on the debt due under it.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order refusing a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

P. H. Griffin, for Appellant.

A. A. De Ligne, for Respondent.

LORIGAN, J.—On August 27, 1887, Ellen M. Murphy borrowed from the plaintiff bank $13,400, giving to it her promissory note. The note provided for the payment of the principal four years after date, or on August 27, 1891, but it was provided also therein that if the note was not paid at maturity the loan might be renewed from year to year at the option of the holder of the note. A trust-deed in the ordinary form

was given by Ellen M. Murphy to secure the payment of the note, and W. P. Coleman and E. R. Hamilton were designated in the instrument as trustees. The trust-deed provided as to trustees that "it is ·expressly covenanted that the party of the third part (the bank) may by resolution of its board of directors from time to time appoint other trustee or trustees to execute the trust hereby created; and upon such appointment and a conveyance to them by the parties of the second part, the survivor of them, their successors or assigns, the new trustees shall be vested with all the title, interest, powers, duties and trusts in the premises hereby vested in or conferred upon the parties of the second part." Ellen M. Murphy died in 1893 and the defendant was appointed administrator of her estate. In due time thereafter, no part of the principal of the note having been paid, the bank presented its claim thereon to the administrator, and it was regularly allowed and approved by him and the judge of the superior court in which the proceedings in the estate were pending. One of the trustees appointed by the trust-deed, Coleman, died in 1901, and as the trust-deed provided that the title to the trust property should vest in his successor, said trustee Hamilton thereafter solely exercised all the duties and powers of trustee. Hamilton died in 1904. By his death a vacancy in the trusteeship was created, and thereafter the bank, as was provided in the trust-deed, by resolution of its board of directors, appointed the plaintiffs Gordon and Henderson to fill such vacancy.

The complaint set forth the above facts and alleged further that on account of no conveyance having been made by the original trustees to those subsequently selected by the bank, as provided for in the deed of trust, a doubt had arisen as to the authority of the substituted trustees to make a valid sale of the property, the existence of which doubt would retard purchasers from bidding freely and for the full value of the property.

The prayer was that the appointment by the bank of the plaintiffs Gordon and Henderson, as trustees in place of the original trustees, be ratified, approved, made, and adopted by the court; that it be adjudged that they had succeeded to the title and powers of the original trustees under said trust-deed; that an accounting be had, and that the sum found

due be adjudged a lien upon the lands described in the trust-deed, and that Gordon and Henderson, as trustees, or such other trustees as the court might appoint, be directed to sell the land to pay the claims of the bank.

A demurrer to the complaint was overruled and defendant answered, interposing as a sole defense to the action the plea of the statute of limitations.

Plaintiffs were awarded a decree in terms as prayed for, and defendant appeals from the judgment and an order denying his motion for a new trial.

It is insisted that the complaint stated no cause of action, and that the demurrer thereto should have been sustained. The principal claim in this regard is that before the action could be maintained, it was necessary that the plaintiff bank should have applied to the superior court and obtained an order appointing trustees in place of the original trustees who had died; that the bank had no power by a resolution of its board of directors to substitute trustees under the terms of the original deed of trust.

We do not think this point well taken. By reference to the provisions of the trust-deed heretofore quoted, general power was given the board of directors of the bank to substitute at any time other trustees for those specially named in the deed of trust. The original trustees having died, and hence a conveyance from them being impossible, it was eminently proper to apply to the superior court having jurisdiction in such matters, to confirm the appointment of the trustees selected; to obtain a decree that they were invested as successors to the original trustees of all the title in the trust property, and clothed with all the powers conferred on their predecessors; and to authorize them to proceed with the execution of the trust in conformity to its terms. That the superior court had such power cannot be questioned.

But if it be conceded that the bank had no power to appoint the trustees selected by it, but that such power must be exercised by the court, still the demurrer did not lie. The complaint set forth the trust-deed in full, alleged the death of the original trustees, a vacancy in the trusteeship, and asked for the appointment of other trustees to execute the trust, and requested the appointment of Gordon and Henderson as the selection of the bank. Assuming that the bank had

no right to appoint trustees. the allegation that it had, in view of all the other allegations in the complaint, did not detract from the sufficiency of that pleading. The other facts alleged show a case for the interposition of the superior court, under sections 2287 and 2289 of the Civil Code, to appoint trustees. All parties in interest were before the court. and in the exercise of that power it could either select its own trustees or choose those appointed by the bank.

It was not necessary to bring an action for the purpose of having trustees appointed or their appointment confirmed, and then a separate action to have it decreed that they were invested with all the title and powers of the original trustees to whom, they were successors, and to be afforded the other relief prayed for in the complaint. All these matters, which were of equitable cognizance, could be determined in one action, and it was proper to embrace them all in the action brought and to apply for full equitable relief, as was done.

On the merits it is insisted by appellant that while this action, on the theory of the respondents, was brought to confirm the appointment of the trustees selected by the bank and to have it decreed that the legal title to the trust property was vested in them, and that they should proceed to execute the terms of the trust, the action in effect was one brought to foreclose the deed of trust as a mortgage, and that as the debt to secure which the trust-deed was given was barred when the action was brought, the right to enforce the trust deed as a mortgage was also barred. This claim of appellant is based on the fact that the complaint prayed, among other things, that the amount found due the bank be adjudged a lien on the land and for a sale of the premises described in the trust-deed, and the application of the proceeds to the payment of the amount due the bank and costs.

In our judgment this is a forced and unwarranted construction of the pleading and the decree of the court. The action was plainly one to confirm or appoint trustees where there was a vacancy in the trusteeship, and to establish the legal title in those trustees and authorize them to proceed to enforce the trust under the terms of the trust-deed. Undoubtedly, under a trust-deed legal title to the property is vested in the trustees for the purposes of the execution of

the trust, and it is therefore legally impossible for such trustees in their fiduciary capacity to have a lien on the property. (*Weber* v. *McCleverty,* 149 Cal. 316, [86 Pac. 706].) Under a deed of trust the land is charged with the payment of the debt, but technically the debt is not a lien upon the land. So that when the plaintiff asked to have it decreed that the title to the trust property was vested in the substituted trustees and the court so decreed, it fully confirmed what the trust-deed was intended to effect, and which it was one of the main purposes sought to have decreed in bringing the action, and while it was not technically correct for the plaintiff to ask or the court to decree, in addition, that the debt should constitute a lien on the land, yet, considering that the main and obvious purpose of the suit was to construe and enforce a trust-deed, which was properly done, the additional matter of the lien may be disregarded. Certainly the fact that a lien was decreed in addition to construing the trust and providing for its enforcement according to its terms, did not determine the nature of the action so as to make what is clearly an action relative to a trust-deed one to foreclose such deed as a mortgage, under which the plea of the statute of limitations by the defendant may be successfully invoked. Neither does the complaint ask nor the decree direct the sale of the property, as in actions for foreclosure, but in the manner and in accordance with the terms of the deed of trust.

This claim of the defendant that the action was in foreclosure being baseless, there is no room for the plea that the debt secured by the deed of trust is barred by the statute of limitations. As the action was not to foreclose a trust-deed as a mortgage, it is unimportant to determine whether the bank could toll the statute of limitations by extending payment of the note yearly, as it provided might be done, and as the court found, at the request of the administrator, the bank did; or the effect on the statute of the allowance and approval of the claim of the bank against the estate of Ellen M. Murphy, deceased.

The action having been brought to construe a trust-deed and direct its enforcement according to its terms, the plea of the statute of limitations has no place. It is well settled that a trust-deed conveys the title to the trustees for the purposes of the trust, and the title remains there until the debt

is paid or the property sold under the trust-deed for that purpose, and the power of sale to pay the debt given to the trustees may be enforced, when otherwise the statute might be interposed to defeat an action on the debt due under it. . (*Grant* v. *Burr*, 54 Cal. 298; *Savings and Loan Society* v. *Burnett*, 106 Cal. 528, [39 Pac. 922]; *Weber* v. *McCleverty*, 149 Cal. 316, [86 Pac. 706]; *Travelli* v. *Bowman*, 150 Cal. 587, [89 Pac. 347].)

We have examined the other points made by appellant and deem them of no force.

The judgment and order are affirmed.

Melvin, J., and Henshaw, J., concurred.