[Civ. No. 2014. Fourth Appellate District.—August 4, 1937.]

M. R. HAMAKER, Appellant, v. LENORE WILLIAMS, Respondent.

Liggett & Liggett for Appellant.

Stearns, Luce, Forward & Swing and Jack Oatman for Respondent.

BARNARD, P. J.—This is an action for a deficiency on a note after the sale of property under a trust deed. The findings and judgment were in favor of the defendant and the plaintiff has appealed.

The note was payable "on or before" November 30, 1931, and contained the usual acceleration clause providing that on a default in the payment of interest the entire amount of principal and interest should become due and payable at the option of the holder. The note was secured by a deed of trust, which was subject to a prior deed of trust securing another note. On September 25, 1931, the interest being delinquent, the holder of the note executed and recorded a declaration of default and election to act under the power of sale, and ordered the trustee to sell the property. The sale took place on February 26, 1932, the property bringing but a small part of the amount due. This action to recover the balance was brought on November 15, 1935, more than four years after the election to declare the entire amount due but less than four years after the maturity date named in the note. The only question raised is whether the statute of limitations commenced to run from the time the declaration of default was filed or from a later date.

The appellant's position is that since no action could be maintained until the security had been exhausted (*Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940, 941]) a suit could not have been filed between the time when default was declared and the date of maturity named in the note, and that the statute commenced to run at the latter date. If this reasoning were correct a suit could not have been started until after the sale, which took place on February 26, 1932, and the period of limitation would begin at that time and not at the maturity date named in the note.

It is well settled that the statute of limitations never runs against the power of sale in a deed of trust, that the title remains in the trustee until the debt is paid or the property sold, and that the power of sale may be enforced when otherwise the debt would be barred by the statute. (*Travelli* v. *Bowman,* 150 Cal. 587 [89 Pac. 347] ; *Sacramento Bank* v. *Murphy,* 158 Cal. 390 [115 Pac. 232] ; *Bank of Italy etc. Assn.* v. *Bentley, supra.*) Since the sale could be indefinitely postponed the value of the statute of limitations in so far

as a personal judgment on such a note is concerned would be largely done away with, under the rule contended for by the appellant.

The precise question here raised does not seem to have been directly decided in this state. While the point was not there involved the opinion in the case of *Bank of Italy etc. Assn.* v. *Bentley, supra,* contains an intimation of views contrary to the contention of the appellant. It is there said:

"It is a possibility also that, under special circumstances, a judicial foreclosure might be allowed where, before the sale under the deed of trust can be consummated, the statute of limitations will have run on the personal obligation of the debtor. . . . The plaintiff likewise contends that to hold that the security must first be exhausted before suit can be had on the note necessarily results in diminishing the four-year period of the statute of limitations by the time it takes to sell under the deed of trust, approximately four months. It is not certain that this result necessarily follows. It is possible that if plaintiff herein had pursued the proper remedy, it could have secured relief. It may be that in a proper case a court, upon proper application in equity, would take complete jurisdiction of the entire dispute, order the trustee to sell under the power and, if the security were inadequate, grant a deficiency judgment. Likewise, as already intimated, the same result might be reached by an action to judicially foreclose the deed of trust. Plaintiff has not seen fit to pursue either of these courses, so that neither of the two possibilities above suggested is involved on this appeal. Even if it be ultimately decided that neither of the above remedies is available to a trustee or beneficiary, and, as a result, the action must be commenced within three years and eight months instead of four years, the trustee and beneficiary have no just cause for complaint. By consenting to the contract, they must be deemed to have contracted with the reduced time in mind. (*Hunt* v. *Ward,* 99 Cal. 612 [34 Pac. 335, 37 Am. St. Rep. 87].)"

In a number of cases, including *Travelli* v. *Bowman, supra; Sacramento Bank* v. *Murphy, supra,* and *Grant* v. *Burr,* 54 Cal. 298, it has been assumed that a note secured by a trust deed was subject to the statute of limitations irrespective of a sale of the property.

Ordinarily the statute of limitations runs from the time a cause of action accrues. (*Lantz* v. *City of Los Angeles,* 185 Cal. 262 [196 Pac. 481]; *Bogart* v. *George K. Porter Co.,* 193 Cal. 197 [223 Pac. 959, 31 A. L. R. 1045].) The full amount of this note became due and the cause of action accrued when the option was exercised and notice was given and recorded. (*Phelps* v. *Mayers,* 126 Cal. 549 [58 Pac. 1048]; *Dunn* v. *Barry,* 35 Cal. App. 325 [169 Pac. 910]; *Jump* v. *Barr,* 46 Cal. App. 338 [189 Pac. 334].) As a general rule, with some exceptions, the statute of limitations does not run during the time in which a suit cannot be brought. However, this rule usually applies where a prospective plaintiff is entirely without remedy for a time because of the absence of a party capable of being sued, or for some similiar cause. No good reason appears for applying the rule where the party is actually proceeding with a part of his remedy and where ample time remains, after that part of his remedy is completed, in which to bring an action. The justice of a different rule in such a case has been recognized in the 1933 and 1935 amendments to section 337 of the Code of Civil Procedure.

In the instant case the note was due for all purposes and the appellant began the enforcement of his rights when the notice of sale was given. His inability to immediately bring an action arose solely from the terms of his contract which required him to dispose of the security first. ■ It is well settled that the parties to a contract may agree upon a shorter limitation than that fixed by the statute provided the period fixed is not so unreasonable as to show imposition or undue advantage. (*Beeson* v. *Schloss,* 183 Cal. 618 [192 Pac. 292].) In entering into this contract under which the security must be exhausted before an action could be brought it must be deemed that the parties contracted with the reduced time in mind and that they impliedly agreed that the statutory period be shortened by the time consumed in making the sale. In this case that took about six months and there can be no question that a reasonable and ample time remained during which the appellant could have instituted an action to recover the unpaid balance on the note. It follows that the court was correct in concluding from the facts found that this action was filed too late.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.