[L. A. No. 15777. In Bank.—April 1, 1938.]

CHARLES L. FLACK, Executor, etc., Appellant, v. WILLIAM F. BOLAND et al., Respondents.

H. R. Griffin for Appellant.

Robert Mack Light for Respondents.

SHENK, J.—This appeal on the judgment roll is taken by the plaintiff as executor of the estate of Max Janka, deceased. From this record it appears that the defendants Boland, on August 3, 1926, executed and delivered a promissory note for $1500 to the decedent, payable three years after date, and secured the same by a trust deed on certain real property. On August 20, 1931, the defendants Boland executed and delivered to the defendant and cross-complainant Mack, another promissory note for $1,000, payable one year after date, and secured the same by a second trust deed on the same property.

On December 15, 1934, the plaintiff commenced an action to foreclose the trust deed given to Janka and joined Mack as a party defendant. The defendants Boland defaulted. The defendant Mack filed an answer in which he denied the allegation that the lien of his trust deed was subordinate to the plaintiff's lien and alleged that the plaintiff's cause of action was barred under subdivision 1 of section 337 of the Code of Civil Procedure. Mack also filed a cross-complaint in which he sought to foreclose his trust deed and to have the plaintiff's claim subordinated to his claim and lien.

The court rendered its decree foreclosing both trust deeds and adjudging that the lien of the defendant and cross-complainant Mack was prior to the lien of the plaintiff. It was therefore ordered that upon the sale of the property the proceeds be applied, first, to satisfy the claim of the defendant and cross-complainant Mack; secondly, to satisfy the claim of the plaintiff; and thirdly, that the surplus, if any, be paid to the defendants Boland.

It is conceded by the parties that the action to foreclose the plaintiff's trust deed and the cross-complaint to foreclose the Mack trust deed were brought pursuant to the provisions of section 725a added to the Code of Civil Procedure in 1933. That section provides: "The beneficiary or the trustee named in a deed of trust upon real property or any interest therein to secure a debt or other obligation, shall have the right to bring suit to foreclose the same in the manner and subject to the provisions, rights and remedies relating to the foreclosure of a mortgage upon such property."

The first question presented on this appeal is whether the defense of the statute of limitations is available in an action to foreclose a deed of trust under section 725a, above quoted.

■ Although the statute of limitations does not run against the power of sale in a deed of trust (*Grant* v. *Burr*, 54 Cal. 298; *Travelli* v. *Bowman*, 150 Cal. 587 [89 Pac. 347]; *Sacramento Bank* v. *Murphy*, 158 Cal. 390 [115 Pac. 232]; *Bank of Italy* v. *Bentley*, 217 Cal. 644 [20 Pac. (2d) 940]), the limitation of the statute does apply to the commencement of actions (sec. 335, Code Civ. Proc.), including actions for the foreclosure of mortgages, and commences to run upon the maturity of the obligation secured (18 Cal. Jur., pp. 408–428, and cases there cited). The note is the principal obligation and the mortgage is an incident thereto. ■ The plea of the statute is an answer to the merits and when supported by proper pleading and proof this defense operates not only to bar the action on the debt but also deprives the mortgagee of the right to enforce the lien of his mortgage. (*Lord* v. *Morris*, 18 Cal. 482; *Allen* v. *Allen*, 95 Cal. 184 [30 Pac. 213, 16 L. R. A. 646]; *Lilly-Brackett Co.* v. *Sonnemann*, 157 Cal. 192 [106 Pac. 715, 21 Ann. Cas. 1279].) And a subsequent mortgagee or attachment lienholder may invoke the aid of the statute against the mortgagee (*Foster* v. *Butler*, 164 Cal. 623 [130 Pac. 6]; 18 Cal. Jur., p. 416 et seq.), even though the mortgagor, as between himself and the mortgagee, may have waived its protection. (*Brandenstein* v. *Johnson*, 140 Cal. 29 [73 Pac. 744].)

■ Furthermore, section 2911 of the Civil Code provides: "A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." There is no distinction in this respect between a mortgage lien and any other lien. (*Puckhaber* v. *Henry*, 152 Cal. 419 [93 Pac. 114, 125 Am. St. Rep. 75, 14 Ann. Cas. 844]; *Faxon* v. *All Persons*, 166 Cal. 707, 715 [137 Pac. 919, L. R. A. 1916B, 1209].)

There appears to be no good reason why the foregoing rules should not be applied in an action to foreclose a deed of trust under section 725a of the Code of Civil Procedure. Indeed, the very language of section 725a would seem to admit of no other determination. A proceeding taken thereupon authorizes the foreclosure of a deed of trust "in the manner and subject to the powers, rights and remedies relating to the foreclosure of a mortgage on such property."

■ Therefore, applying the foregoing rules with reference to the foreclosure of mortgages to the foreclosure of the trust deeds in question, it would follow that if the defendants Boland had not defaulted but had answered, setting forth the defense of the statute of limitations, the plaintiff's foreclosure action would have been defeated, the plaintiff's lien declared to have been extinguished, with judgment in Bolands' favor. The Bolands could not, by their default, prevent the second incumbrancer Mack from interposing the same defense and compelling the same result so far as his lien was concerned. Their default constituted a waiver of the defense of the statute of limitations, which waiver, however, could not operate to the prejudice of Mack who was clothed under the circumstances with the defense available to but not asserted by the Bolands.

The trial court was therefore correct in holding that the plaintiff's right to foreclose as against Mack was barred by the statute of limitations and in ordering the foreclosure of his deed of trust with payment first to him from the proceeds of the sale.

■ The plaintiff argues at length in support of his contention that he should not be barred from exercising his right to satisfy his claim by a trustee's sale and that the doctrine of election of remedies should not thus be forced upon him. We see no occasion for the application of the doctrine of election of remedies in this case. ■ That doctrine proceeds on the theory that the claimant, having two inconsistent remedies and having availed himself of one, is estopped from also pursuing the other. (*Commercial Centre R. Co.* v. *Superior Court,* 7 Cal. (2d) 121, 129 [59 Pac. (2d) 978, 107 A. L. R. 714].) Such is not the case here. Even before the enactment of said section 725a the holder of a trust deed could maintain an action to foreclose the same. (*Felton* v. *Le Breton,* 92 Cal. 457, 465 [28 Pac. 490].) He could also proceed at the same time to foreclose by trustee's sale. In other words, the pendency of the action in foreclosure was not a bar to the foreclosure of the deed of trust through the form and procedure of a trustee's sale. (*Mayhall* v. *Eppinger,* 137 Cal. 5 [69 Pac. 489] ; *McDonald* v. *Smoke Creek Live Stock Co.,* 209 Cal. 231, 237 [286 Pac. 693].) The pending foreclosure action could have gone forward after the trustee's sale for the purpose of obtaining a judgment for the

deficiency, if any, especially when no question of the statute of limitations was involved. (*Commercial Centre R. Co.* v. *Superior Court, supra.*) In such a situation the plaintiff had two concurrent remedies, one by action in foreclosure and one by trustee's sale. The fact that he could not enforce his obligation by court action would not prevent him from pursuing the alternative remedy. Whether he could do so after a final judgment against him in the foreclosure action presents a question which is not before us. But having two remedies available to him at the outset, and having unsuccessfully availed himself of but one, and no question of election of remedies being involved, the plaintiff is in no position to complain that he could not, because of Mack's cross-complaint, dismiss his foreclosure action, since such dismissal was not essential to the pursuit of his right to proceed by trustee's sale.

The judgment is affirmed.

Waste, C. J., Houser, J., Seawell, J., Curtis, J., Langdon, J., and Edmonds, J., concurred.