[Civ. No. 3213.   Fourth Dist.   Dec. 14, 1942.]

ELLA E. SUMMERS, Appellant, v. HALLAM COOLEY ENTERPRISES, LTD. (a Corporation) et al., Defendants; SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent.

Mize, Kroese & Larsh for Appellant.

Forgy, Reinhaus & Forgy for Respondent.

BARNARD, P. J.—In this action to quiet title the plaintiff appeals from a judgment in favor of the defendant bank as trustee. The other defendant, which had owned the land and executed the trust deeds in question, defaulted. For convenience, the defendant bank, as trustee, will be referred to as the respondent. It held a note secured by a trust deed on the property in question which will be referred to as the first trust deed. The appellant held a note secured by a trust deed on the same property which by its terms was made subject to the first trust deed, and which will be referred to as the second trust deed.

On January 7, 1938, the appellant commenced foreclosure as a mortgage of her second trust deed by court action,

neither the trustee nor beneficiaries of the first trust deed being named as defendants. In the course of that proceeding a certificate of sale was issued to the appellant on April 21, 1941. In the meantime, and on February 10, 1941, the respondent recorded notice of default and election to sell under the first trust deed. After regular proceedings thereunder the property was, on June 10, 1941, sold to the respondent and a trustee's deed to it was recorded on June 10, 1941. It is conceded that any action on the note secured by the first trust deed had become barred by the statute of limitations. This action was brought on June 30, 1941.

The sole question presented is whether the appellant's second trust deed took priority over the first trust deed at the time when the note secured by the first trust deed became barred, with the result that the sale under the first trust deed was ineffectual as against the appellant. The appellant admits, as she must, that in this state a power of sale under a trust deed can be exercised after action on the note is barred. She contends, however, that this rule "should apply only against the fee owner, and not against rights of third parties"; that where the rights of third parties are involved a trust deed should be considered as a lien analogous to a mortgage lien; that since it has been held that when the statute of limitations has barred an action on a note secured by a mortgage a junior mortgage takes priority over a first mortgage (citing *Wood* v. *Goodfellow,* 43 Cal. 185), it should be similarly held with respect to trust deeds; that in the case of trust deeds, as in the case of mortgages, the holder of a first should not be allowed to increase the burdens on the mortgaged premises as against subsequent lienholders; that she should not be penalized by the neglect of the trustee under the first trust deed to exercise its power of sale before an action on the note became barred; and that to permit the exercise of such a power of sale after an action on the note has become barred would impose a new burden which was not contemplated by any of the parties.

In connection with such deeds of trust the "title" theory, as distinguished from the "lien" theory, is thoroughly established in this state. (*Bank of Italy* v. *Bentley,* 217 Cal. 644 [20 P.2d 940].) Pursuant to that theory it is well settled, as the appellant admits, that the power of sale under a trust

deed may be exercised after an action on the note is barred. While somewhat different rules apply in cases involving mortgages, especially where the rights of third parties are involved (see *Ekmann* v. *Plumas County Bank*, 215 Cal. 671 [12 P.2d 433] and *Brandenstein* v. *Johnson*, 140 Cal. 29 [73 P. 744]), no such rules are applicable here. Aside from other considerations, and even if the appellant could be considered as such a third party, no increase here appears in the burdens created or imposed by the first trust deed, and the appellant has been in no way penalized by the failure to exercise the power of sale given in that trust deed before the statute of limitations ran against the note secured thereby. If that power of sale had been exercised before the note outlawed the appellant would be in no better position than that in which she now finds herself. The situation which has arisen was necessarily within the contemplation of the parties at the time the respective trust deeds were executed. The appellant took her second trust deed with the express provision therein that it was subject to the respondent's "1st trust deed." The law was the same then as now, in this regard, and the appellant took her trust deed subject to all of the rights of the trustee and beneficiaries under the first trust deed and not merely a part of those rights. One of those rights was the right to exercise the power of sale therein provided for after the bar of the statute with respect to an action on the note secured by that trust deed. To sustain the appellant's contentions would be to relieve her from the direct effect of her own contract as well as to overrule a principle of law which has long been established in this state. We therefore hold that the appellant's second trust deed did not take priority over the first trust deed. It follows that the trial court was correct in upholding the validity of the sale of this land to the respondent, as against any claims of the appellant. While a different question was there involved, the conclusion we have reached is supported by the views expressed in *Flack* v. *Boland*, 11 Cal.2d 103 [77 P.2d 1090].

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.