[Civ. No. 5693.   Fourth Dist.   May 1, 1959.]

WILLIAM L. PENZNER et al., Appellants, v. BESS FOSTER et al., Defendants; VAN B. FOSTER, JR., as Executor, etc., Respondent.

John Amos Fleming and Theodore R. Gabrielson for Appellants.

Hanna & Morton, Harold C. Morton and John H. Blake for Respondent.

STONE, J. pro tem.*—This is an appeal from a judgment in an action brought by appellants to quiet title to a parcel of real property. The trial court decreed that appellants' title is subject to a lien pursuant to a deed of trust owned by respondent and that the balance due on the note secured by the deed of trust was $14,156,44 at the time judgment was entered.

The appellants purchased the parcel of real property which is located in the city of Fresno from the Normandie Corporation. At the time of the conveyance the property was encumbered by a deed of trust that secured a promissory note in favor of respondent. The escrow provided that appellants would take title to the property subject to the encumbrance in consideration of an allowance on the purchase price equal to the balance due on the note. There was some delay in communicating with respondent and the exact amount due could not be determined by the seller. To expedite the sale the parties agreed to an estimate of the balance due and the escrow was closed. The seller had underestimated the amount by some $1,800, so the president of Normandie Corporation paid appellants $1,820.62 in cash. The appellants then filed a quiet title action against the respondent holder of the note and deed of trust seeking to have their title quieted against the deed of trust upon the grounds: First, that the deed of trust was barred by the statute of limitations; Second, that the original transaction

---

*Assigned by Chairman of Judicial Council.

was usurious and the maker of the note had paid more than could legally be collected; and Third, that title to the property should be freed from the encumbrance because enforcement would be inequitable to them.

■ Appellants did not assume the indebtedness; they merely purchased the property subject to the encumbrance which had been properly recorded and of which they had received actual notice by the escrow agreement. Their contention that the statute of limitations vitiated the deed of trust and entitled them to a decree quieting title against the holders of the note and deed of trust is without merit. The enforcement of a power of sale contained in a deed of trust is never outlawed by a lapse of time alone. As was said in *Sipe* v. *McKenna*, 88 Cal.App.2d 1001, 1006 [200 P.2d 61]:

"A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness. (Citations.)" See also *Welch* v. *Security First National Bank of Los Angeles*, 61 Cal.App.2d 632, 635 [143 P.2d 770]; *Summers* v. *Hallam Cooley Enterprises*, 56 Cal.App.2d 112, 113 [132 P.2d 60].

■ Since the statute of limitations does not bar the exercise of a power of sale contained in a deed of trust, neither can the statute of limitations be the basis for an action quieting title against a deed of trust.

■ Appellants' second contention is that the transaction between the maker of the note and the payee was usurious. Based upon this premise, appellants argue that when the alleged usurious interest is deleted the payments which have been made on account satisfy the obligation in full. In turn, they contend that this entitles them to a decree quieting title to the property. The note for the principal sum of $4,000 is dated December 9, 1929, payable five years after April 30, 1930. It bears interest at the rate of eight per cent per annum from April 30, 1930, payable semiannually, and further provides that "Should interest not be so paid it shall become part of the principal and thereafter bear like interest."

Civil Code, section 1916-2 [Stats. 1919, p. lxxxiii, § 2, Deering's Gen. Laws, Act 3725], provides that compound interest may be charged if an agreement to that effect is clearly expressed in writing and signed by the party to be

charged therewith. The note in this case clearly meets such requirements and the compound interest, as such, is not an illegal charge. The only question is whether the interest charged or chargeable under the terms of the note as executed exceeded 12 per cent per annum, the limit applicable at that time. Counsel for appellants have cited computations covering the entire period of approximately 28 years which intervened between the execution of the note and the time of trial. During a part of that time the interest exceeded 12 per cent per annum for the reason that no payments were made on account of either principal or interest from December 9, 1929, to December 15, 1947. During that 18-year period the unpaid interest, when added to the principal, increased the amount bearing interest to the point where more than 12 per cent per annum was being charged on the original $4,000 principal. That, however, is not the test.

Whether a transaction is usurious is determined by the total amount of interest required to be paid under the terms of the agreement between the date of execution and the date of maturity. If the interest for the full period of the loan exceeds the maximum rate allowed, then the obligation is usurious. This rule is expressed in *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, at page 625 [254 P. 956, 255 P. 805, 53 A.L.R. 725], as follows:

"We intended to hold that the maximum rate allowed for loans coming under the act is at the rate of twelve per cent per annum for the full period of the loan, and that within such limit the parties may freely contract in respect thereto, if done in writing.

"This means that interest may be compounded, if the maximum rate is not exceeded." See also *French* v. *Mortgage Guarantee Co.*, 16 Cal.2d 26, 30 [104 P.2d 655, 130 A.L.R. 67]; *Sharp* v. *Mortgage Security Corp.*, 215 Cal. 287, 290 [9 P.2d 819]; *Pacific Finance Corp.* v. *Crane*, 131 Cal.App.2d 399, 406 [280 P.2d 502].

In the instant case the principal was $4,000, the date of execution was December 9, 1929, the due date April 30, 1935. The maximum interest which could have been charged and actually charged was eight per cent, compounded semiannually between April 30, 1930, and April 30, 1935. The interest so charged did not exceed 12 per cent per annum on the principal amount of $4,000.

The fact that more than 12 per cent was charged

after maturity by reason of the makers' failure to pay anything on account does not make the transaction usurious. The makers of the note cannot by their continued refusal to pay the amounts due convert a transaction legal in its inception into a usurious one subsequent to maturity. (*French v. Mortgage Guarantee Co., supra,* 16 Cal.2d 26, 30; *Sharp v. Mortgage Security Corp., supra,* 215 Cal. 287, 291; *Pacific Finance Corp.* v. *Crane, supra,* 131 Cal.App.2d 399, 406.)

Appellants' third point is that because a great deal of interest has accrued during the period of nearly 30 years the court should exercise its equity powers and quiet their title against the deed of trust. We do not see that the principles of equity have any application to this case. The law is clear that the statute of limitations has not barred the deed of trust and that the transaction was not usurious. Therefore, there is no area in which equity can operate to nullify the deed of trust. Nor do the facts of the case justify such an extension of equity jurisdiction upon the theory of hardship. The appellants were paid the amount due under the terms of the note which the deed of trust secures. They received it in the form of a credit on the purchase price, supplemented by a cash payment of $1,820.62 by the seller. The appellants, if permitted to quiet their title against the deed of trust, would be receiving a net gain of the amount the trial court determined to be due on the note without giving any consideration therefor. It seems doubtful, to say the least, that a windfall could be the basis for an action in equity.

Judgment affirmed.

Griffin, P. J., and Mussell, J., concurred.