[Civ. No. 63276. Second Dist., Div. Five. Oct. 18, 1982.]

CARSON REDEVELOPMENT AGENCY, Plaintiff, v.
NORMAN W. ADAM, Defendant and Appellant;
JEAN W. ADAM, Defendant and Respondent.

## COUNSEL

Thorpe, Sullivan, Workman & Thorpe and John J. Dee for Defendant and Appellant.

Schmitz, Amato, Pettler & Schmitz and Peter D. Pettler for Defendant and Respondent.

## OPINION

**FEINERMAN, P. J.**—Appellant, Norman W. Adam, appeals from an order made after judgment in a condemnation action apportioning the condemnation award between appellant and his ex-wife, respondent Jean Adam. Appellant claimed the entire condemnation award as owner of the condemned property, and respondent claimed an interest in the property as the beneficiary of a trust deed thereon. The note and trust deed were executed by appellant in June 1966 in connection with a property settlement agreement entered into by appellant and respondent. No payments had been made on the note by appellant. After the complaint in eminent domain was filed, each of the parties hereto filed answers asserting a claim. After value was determined, the condemnor deposited the sum of $60,500 with the court pursuant to section 19, article I of the California Constitution and Code of Civil Procedure, section 1255.010. Appellant filed an application to withdraw the deposit (Code Civ. Proc., § 1255.210), and respondent filed her objection thereto.

Appellant claimed that respondent had no right to a portion of the condemnation award, because the statute of limitations had run on the note underlying respondent's deed of trust. The trial court held that respondent had a compensable interest in the property and apportioned the condemnation award between appellant and respondent.

The sole issue raised on this appeal is whether a beneficiary under a deed of trust has a compensable interest in property sought to be acquired in an eminent domain proceeding when the underlying obligation has become barred by the statute of limitations.

While this precise issue has not been decided in any California decision which has come to our attention, other firmly established principles of law lead us to conclude that the trial court correctly determined that respondent had an interest in the property which was compensable in these eminent domain proceedings.

The running of the statute of limitations on the note underlying respondent's deed of trust clearly bars an action to enforce the note itself and an action for judicial foreclosure. (*Flack* v. *Boland* (1938) 11 Cal.2d 103, 106 [77 P.2d 1090].) However, it is equally well settled that the power of sale under a deed of trust is not barred, or "never outlaws," and that the power of sale may be exercised by the trustee who holds the title even though the statute of limitations has barred any action on the underlying note. (*Sacramento Bank* v. *Murphy* (1910) 158 Cal. 390, 395-396 [115 P. 232]; *Travelli* v. *Bowman* (1907) 150 Cal.

587, 590 [89 P 347]; *Hohn* v. *Riverside County Flood Control etc. Dist.* (1964) 228 Cal.App.2d 605, 614 [39 Cal.Rptr. 647]; *Welch* v. *Security First Nat. Bk. of L. A.* (1943) 61 Cal.App.2d 632, 635 [143 Cal.Rptr. 770]; *Summers* v. *Hallam Cooley Enterprises* (1942) 56 Cal.App.2d 112, 113 [132 P.2d 60]; *Hamaker* v. *Williams* (1937) 22 Cal.App.2d 256, 257 [70 P.2d 973].)

Running of the statute of limitations on the underlying note does not bar respondent from all judicial proceedings concerning the trust deed. In *Hohn* v. *Riverside County Flood Control etc. Dist., supra,* 228 Cal.App.2d 605, Hohn was allowed to bring a quiet title action as the assignee of a beneficial interest in a note and trust deed and the subsequent purchaser at a trustee's sale, despite the fact that suit on the underlying note was barred by the statute of limitations. In *Sacramento Bank* v. *Murphy, supra,* 158 Cal. 390, an action brought by the beneficiary of a trust deed to have the appointment of successor trustees confirmed and to have it decreed that legal title to property was vested in them, the plaintiff prevailed, even though the underlying debt was barred by the statute of limitations. In *Travelli* v. *Bowman, supra,* 150 Cal. 587, an action to reform the description of property in a trust deed was allowed despite the fact that the underlying debt was barred. Finally, in *Sipe* v. *McKenna,* (1948) 88 Cal.App.2d 1001, the court allowed the beneficiary of a trust deed to bring suit to set aside a quiet title judgment, allegedly obtained though fraud, even though the note underlying the trust deed was barred by the statute of limitations.

In the case before us, respondent has not brought suit on the note or suit to foreclose the trust deed. Instead, she has asserted a right to a compensable interest in property sought to be condemned.

Relying on Civil Code section 2911, appellant asserts that "the validity of the lien of a mortgage or deed of trust on real property is extinguished by the running of the statute of limitations on the principal obligation." Civil Code section 2911 provides in pertinent part as follows: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, . . . : 1. An action can be brought upon the principal obligation . . ."

Despite its seemingly uncompromising language, this section, which was enacted in 1872, has always been interpreted in accordance with the principles previously discussed herein. In *Mitchell* v. *Auto. etc. Underwriters* (1941) 19 Cal.2d 1 [118 P.2d 815, 137 A.L.R. 923], the holder of a junior trust deed on property sought to enjoin a trustee's sale by the holder of a superior trust deed on the ground that the note

underlying the superior trust deed was barred by the statute of limitations. In discussing the effect of Civil Code section 2911, the Supreme Court stated at pages 4-5: "The effect of this section, it has been held, is to prevent a pledgee from taking affirmative action to enforce his pledge lien for the purpose of collecting a barred principal indebtedness [citations]. The bar of the statute of limitations, however, affects the remedy only and does not impair the obligation. Accordingly, although the pledge lien is extinguished and the affirmative action to foreclosure thus lost, the pledgee nevertheless has the negative right to retain the pledged security until the principal obligation has been satisfied [citations].

"Moreover, contrary to the claim of petitioner, neither the language of the code section nor the decisions construing it prohibit all affirmative action by the pledgee in connection with the pledged collateral; the affirmative action which, it has been held, may not be taken, is a proceeding against the debtor to collect the outlawed obligation by foreclosing the pledge lien. In seeking to collect the Bassett note by a sale in accordance with the provisions of the deed of trust securing it, the liquidator is not foreclosing his lien by way of pledge nor proceeding affirmatively upon the outlawed Glaze note. He is merely collecting the proceeds of collateral pledged as security for such note."

█ Even though the statute of limitations has run on a note, courts will not help the debtor to recover pledged or encumbered property unless he pays his debt. "Although the lien of mortgage is 'extinguished' by the barring of the debt by the statute of limitations, the mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee, *or maintain ejectment against his mortgagee in possession.*" (*Puckhaber* v. *Henry* (1907) 152 Cal. 419, 423 [93 P. 114]; and see *Mix* v. *Sodd* (1981) 126 Cal.App.3d 386, 390 [178 Cal.Rptr. 736].) "[H]e who seeks equity must do equity." (*Booth* v. *Hoskins* (1888) 75 Cal. 271, 276 [17 P. 225].)

In an eminent domain case, such as that before us, the purpose of the proceeding is to do substantial justice. (*United States* v. *Miller* (1943) 317 U.S. 369, 375 [87 L.Ed. 336, 344, 63 S.Ct. 276, 147 A.L.R. 55].) California Constitution, article I, section 19, "protects a somewhat broader range of property values from government destruction than does the analogous federal provision." (*Varjabedian* v. *City of Madera* (1977) 20 Cal.3d 285, 298 [142 Cal.Rptr. 429, 572 P.2d 43].) For instance, in *Southern California Edison Company* v. *Bourgerie* (1973) 9 Cal.3d 169 [107 Cal.Rptr. 76, 507 P.2d 964], the court held that a restrictive covenant was a compensable interest in an eminent domain proceeding.

 The law is clear that the beneficiary of a deed of trust on property sought to be condemned has a compensable interest in an eminent domain proceeding as to the property. (*People* ex. rel. *Dept. of Transportation* v. *Redwood Baseline, Ltd.* (1978) 84 Cal.App.3d 662, 670 [149 Cal.Rptr. 11].) Should that rule change when the debt underlying the deed of trust is barred by the statute of limitations? Appellant points to decisions concerning an optionee's rights in eminent domain proceedings and asserts that they are a beacon light supporting his position that respondent should have no right to share in the award.

In *County of San Diego* v. *Miller* (1975) 13 Cal.3d 684, 692-693 [119 Cal.Rptr. 491, 532 P.2d 139], the Supreme Court held that the owner of an unexercised option to purchase land possesses a property right which is compensable under article I, section 19 of the California Constitution. However, in *City of Walnut Creek* v. *Leadership Housing Systems, Inc.* (1977) 73 Cal.App.3d 611 [140 Cal.Rptr. 690], the court held that where an option had expired prior to the filing of the condemnation action, the holder of the option was not entitled to share in the condemnation award. Appellant sees an analogy between the holder of the expired option and respondent herein. In our view the analogy is not an apt one. The holder of an expired option has nothing; whereas the beneficiary of a trust deed retains the power of sale even though the statute of limitations has run on his underlying note. But for the eminent domain proceedings, respondent herein could have sold her interest in the subject property. Such an interest in property is clearly one that should be compensable in eminent domain proceedings. In fact, appellant agreed under the terms of the deed of trust that "any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary . . . "

We hold that the trial court property determined that respondent retained a compensable interest in the property. We note that no contention is made on this appeal as to either the value placed on the property or the amounts awarded in the apportionment.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.