**In re Kumari A.D. SUKHU, Debtor.**

**Bankruptcy No. 3–89–01028–KTC.**

United States Bankruptcy Court,
N.D. California.

Nov. 29, 1989.

Stephen N. Hollman, David J. Sasseen, Skjerven, Morrill, MacPherson, Franklin & Friel, San Jose, Cal., for Creditor Janice E. Thurber, Individually and as Executor for the Estate of Robert Thurber.

Mike Smith, San Francisco, Cal., for debtor Kumari A.D. Sukhu.

## OPINION

THOMAS E. CARLSON, Bankruptcy Judge.

This case concerns the degree to which sections 882.020–882.040 of the California Civil Code overrule prior judicial decisions holding that a power of sale under a deed of trust is never barred by the statute of limitations. I conclude that under the statute enforcement of a deed of trust is not barred when an action on the underlying obligation is barred, but only when the special non-tolling statute of limitations established by section 882.020 has run.

The relevant facts are simple and are undisputed. Debtor executed a promissory note in favor of Thurber Construction Company on June 27, 1979 in the amount of $32,500. The promissory note was secured by a deed of trust on Debtor's residence. Debtor did not pay the note when it became due on June 26, 1980. Creditor Janice Thurber (Creditor) succeeded to the interest of Thurber Construction Company when her husband, Robert Thurber, died. Creditor did not commence an action until she filed a proof of claim in this bankruptcy proceeding on September 19, 1989. Debtor seeks an order avoiding Creditor's lien against her residence on the grounds

that enforcement of both the underlying promissory note and the deed of trust is barred by the statute of limitations.

Before 1982, a long line of California cases had held that there is no statute of limitations on the enforcement of a power of sale under a deed of trust. *See Carson Redevelopment Agency v. Adam,* 136 Cal. App.3d 608, 186 Cal.Rptr. 615, 617 (1982); *Hohn v. Riverside County Flood Control etc. Dist.,* 228 Cal.App.2d 605, 614, 39 Cal. Rptr. 647 (1964); *Penzner v. Foster,* 170 Cal.App.2d 106, 108, 338 P.2d 533 (1959); *Welch v. Security First Nat. Bank of L.A.,* 61 Cal.App.2d 632, 635, 143 P.2d 770 (1943); *Summers v. Hallam Cooley Enterprises,* 56 Cal.App.2d 112, 113, 132 P.2d 60 (1942); *Hamaker v. Williams,* 22 Cal.App.2d 256, 257, 70 P.2d 973 (1937); *Sacramento Bank v. Murphy,* 158 Cal. 390, 395–96, 115 P. 232 (1910); *Travelli v. Bowman,* 150 Cal. 587, 590, 89 P. 347 (1907).

In 1982, the California legislature enacted sections 882.020–882.040 of the Civil Code, which establish for the first time a statute of limitations on the exercise of a power of sale in a deed of trust. Section 882.020(a)(1) provides that a power of sale ceases to be enforceable ten years from the last date for payment of the underlying obligation. If the maturity date is not ascertainable from the record, the limitations period is sixty years from the creation of the obligation. Cal.Civ.Code § 882.020(a)(2). The limitations period is not subject to tolling or estoppel, and is subject to waiver only if the waiver is recorded. Cal.Civil Code § 882.020(a)(3),–(c). The purpose of the statute is to enable prospective purchasers or lenders to determine from land records alone whether certain liens are still enforceable. The legislative history states in relevant part.

Section 882.020 prescribes a maximum time for enforcement of a mortgage or deed of trust. It operates to bar enforcement of a mortgage or deed of trust after the time prescribed even though the general statutes of limitation may not have run due to tolling, partial payment, or waiver. *See* Code Civ. Proc.

§§ 337 (four-year statute of limitation); 360 (partial payment turns back statute); 360.5 (waiver of statute of limitation); 351–358 (tolling of statute).

... The effect of subdivision (a) is to prescribe a maximum life for a mortgage or deed of trust based exclusively on the record for marketability of title purposes.

7 Journal of the Senate, Legislature of the State of California, 1981–82 Regular Session, August 5, 1982 at 12489–90 (hereinafter Senate Journal).

It is undisputed that enforcement of Creditor's deed of trust is not barred under section 882.020(a)(1), because the note contains a stated maturity date and ten years has not passed since the note became due. Debtor contends that Creditor's lien is nonetheless barred because the ten-year statute of limitations applies only if enforcement of the lien is not barred under section 2911 of the Civil Code.

(a) *Unless the lien of a* mortgage, *deed of trust,* or other instrument that creates a security interest of record in real property to secure a debt or other obligation *has earlier expired pursuant to Section 2911,* the lien expires at, and is not enforceable by action for foreclosure commenced, power of sale exercised, or any other means asserted after, the later of the following times:

(1) If the final maturity date or the last date fixed for payment of the debt or performance of the obligation is ascertainable from the record, 10 years that date.

(2) If the final maturity date or the last date fixed for payment of the debt or performance of the obligation is not ascertainable from the record, or if there is no final maturity date or last date fixed for payment of the debt or performance of the obligation, 60 years after the date the instrument that created the security interest was recorded.

. . . . .

Cal.Civil Code § 882.020(a) (emphasis added). Section 2911 of the Civil Code provides in relevant part:

A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, either:

1. An action can be brought upon the principal obligation ...

It is not disputed that the relevant statute of limitations on the underlying obligation is four years (*see* Cal.Code Civ. Proc. § 337), and the court assumes for purpose of this analysis that the limitations period has expired.

In the cases decided prior to the enactment of section 882.020 holding that enforcement of a power of sale in a deed of trust is never time-barred, California courts had considered the effect of section 2911 and held that it did not apply to the exercise of a power of sale under a deed of trust.

Relying on Civil Code section 2911, appellant asserts that "the validity of the lien of a mortgage or deed of trust on real property is extinguished by the running of the statute of limitations on the principal obligation." Civil Code section 2911 provides in pertinent part as follows: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, ...: 1. An action can be brought upon the principal obligation...."

Despite its seemingly uncompromising language, this section, which was enacted in 1872, has always been interpreted in accordance with the principles previously discussed herein [that the power of sale under a deed of trust is never barred].

*Carson Redevelopment Agency*, 186 Cal. Rptr. at 617.

Debtor contends, however, that the legislature intended to overturn this prior interpretation of section 2911 in enacting section 882.020. She relies on the following language in the legislative history.

The section limits the time for exercise of a power of sale under a deed of trust, reversing the rule of case law that such a power of sale "never outlaws."

Senate Journal, *supra*, at 12489.

I conclude in this question of first impression [1] that the California legislature did not intend to overrule the prior interpretations of section 2911, but rather that it intended to overrule the doctrine that a power of sale under a deed of trust "never outlaws" only to the extent of establishing the non-tolling statute of limitations of section 882.020. I so conclude for the following reasons.

First, the wording of section 882.020(a) suggests that the scope of section 2911 is not changed thereby. Reference to enforcement of a power of sale under a deed of trust is made only after, and separate from, reference to section 2911, and is related only to the new non-tolling limitations period.

Unless the lien of a ... deed of trust ... has earlier expired pursuant to Section 2911, the lien expires at, and is not enforceable by ... power of sale exercised ... after the later of the following dates: [ten years after maturity or sixty years after creation of lien].

Cal. Civil Code § 882.020(a). If the legislature had intended for the first time to apply section 2911 to a power of sale under a deed of trust, it either would have amended section 2911 accordingly, or it would have structured section 882.020 to provide that the exercise of a power of sale is barred after the earlier of the section 2911 limitations period or the new ten-year limitations period.

Second, the language from the legislative history quoted by Debtor, which states that

---

**1.** The only published decision regarding sections 882.020–882.040 is *Curry v. U.S., Small Business Admin.,* 679 F.Supp 966 (N.D.Cal.1987). The court in that case did not decide whether the legislature meant to overturn the prior interpretation of section 2911, because the deed of trust in *Curry* was governed by savings provision that preserved the enforceability of all deeds of trust until January 1, 1988.

This chapter shall not cause the lien of a mortgage, deed of trust, or other security interest in real property to expire or become unenforceable before the passage of five years after the operative date of this chapter.
Cal. Civil Code § 882.040(b).

the statute overrules the doctrine that a power of sale under a deed of trust "never outlaws," is not the only language in the legislature history relevant to the intended effect of the section 882.020 on section 2911. The sentence immediately following that quoted by Debtor states as follows:

> If the underlying obligation of a mortgage or other lien is barred by the general statutes of limitation before the time prescribed in this section the mortgage or other lien may expire and be unenforceable pursuant to Section 2911, even though a power of sale under a deed of trust remains enforceable.

Senate Journal, *supra*, at 12489. This language suggests strongly that section 2911 is still not intended to bar exercise of the power of sale under a deed of trust.

Third, interpreting section 882.020 not to overrule prior decisions regarding section 2911 is more consistent with the purpose of the new statute. As noted earlier, the legislature enacted section 882.020 to enable a purchaser or lender to determine from land records alone whether a lien is enforceable in any manner. The statute accomplishes this by creating a back-up statute of limitations that is not subject to tolling, estoppel, or waiver (unless the waiver is recorded). Because the limitations period of section 2911 is subject to tolling, estoppel, and waiver, which may not be reflected in land records, the section 2911 limitations period could never serve to provide clear record evidence that a lien is unenforceable. The legislature thus had no reason in enacting section 882.020 to overrule the prior decisions holding that section 2911 does not apply to a power of sale under a deed of trust. The language in the legislative history stating that the statute overrules those prior decisions is best interpreted to mean that those decisions are overruled only to the extent that the legislature has established the new non-tolling limitations period.

Debtor's objection to Creditor's secured claim is overruled.