[No. A063803. First Dist., Div. Three. July 25, 1994.]

CARL B. MILLER et al., Plaintiffs and Respondents, v.
EDWARD L. PROVOST et al., Defendants and Appellants.

## COUNSEL

Arthur L. Pretzer for Defendants and Appellants.

Miller, Starr & Regalia, Harry D. Miller, King, Shapiro, Mittleman & Buckman and Jeffrey S. Rosen for Plaintiffs and Respondents.

## OPINION

**WHITE, P. J.**—In this action we determine that the holders of a deed of trust, recorded in December of 1977, have a right to exercise the private power of sale granted in the deed of trust even though the statute of limitations has expired on the secured debt, since the date for payment of the debt does not appear in the public records.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 1977, plaintiffs' parents, Harry and Jean Miller, sold a parcel of industrial real property (the collateral property) to defendants Edward L. Provost and Albert Grim. In connection with this transaction, Jean Miller's parents, Nels and Sylvia Gustafson, loaned defendants $48,594.46.

On the same date, defendants executed a promissory note in favor of the Gustafsons. The note evidences defendants' obligation to repay the loan, plus interest accruing at 10 percent per year, on or before February 20, 1978. The note was secured by the collateral property. As part of the transaction, defendants executed a deed of trust dated December 16, 1977, and recorded December 20, 1977, by the terms of which they conveyed to First American Title Insurance Company, as trustee, an interest in the collateral property. The deed of trust was delivered to the Gustafsons as beneficiaries.

Nels Gustafson died in March 1979. All assets of his estate were transferred into the Sylvia Gustafson living trust. Sylvia Gustafson died in January 1985. Pursuant to provisions of the living trust, all rights and beneficial interests under the note and deed of trust were transferred to plaintiffs.

There is no evidence that any payments were ever made to repay the original loan. Thus, the deed of trust was not reconveyed.

On December 29, 1992, plaintiffs filed suit for declaratory relief and judicial foreclosure. After an amended complaint was filed, defendants filed an answer and asserted affirmative defenses based upon the statute of limitations and the Marketable Record Title Act. (Civ. Code,[1] § 880.020 et seq.) Plaintiffs moved for summary judgment on the grounds there was no factual issue in dispute and enforcement of the deed of trust was not barred under section 882.020. The trial court granted the motion for summary judgment and this appeal followed.

DISCUSSION

*Foreclosure of Deed of Trust*

Prior to 1982, the general rule in California was that no judicial foreclosure could be had on a deed of trust when the statute of limitations had run on the underlying obligation. If a creditor elected to bring an action under Code of Civil Procedure section 725a, the statute of limitations could be pleaded as a defense, since it ran both on the personal obligation, as well as on any action to enforce the creditor's rights against the security. (*Flack* v. *Boland* (1938) 11 Cal.2d 103, 106-107 [77 P.2d 1090]; *Sipe* v. *McKenna* (1948) 88 Cal.App.2d 1001, 1005 [200 P.2d 61]; 3 Witkin, Summary of Cal. Law (9th ed. 1987) Security Transactions in Real Property, § 109, p. 611.)

However, the rule differed for the power of sale contained in a deed of trust. California cases had continuously held that the power of sale under a deed of trust was not barred, or "never outlaws," and that the power of sale might be exercised by the trustee who held the title even though the statute of limitations had barred any action on the debt. (*Carson Redevelopment Agency* v. *Adam* (1982) 136 Cal.App.3d 608, 610 [186 Cal.Rptr. 615]; *Hohn* v. *Riverside County Flood Control etc. Dist.* (1964) 228 Cal.App.2d 605, 614 [39 Cal.Rptr. 647]; *Welch* v. *Security-First Nat. Bk. of L.A.* (1943) 61 Cal.App.2d 632, 635 [143 P.2d 770].) This rule was based on the equitable principle that a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee. (*Booth* v. *Hoskins* (1888) 75 Cal. 271, 276 [17 P. 225]; *Mix* v. *Sodd* (1981) 126 Cal.App.3d 386, 390 [178 Cal.Rptr. 736].)

■ In 1982, the Legislature enacted the Marketable Record Title Act in order to make real property more freely alienable and marketable. (§ 880.020, subd. (a)(1).) To further this goal the legislation sought to simplify and facilitate real property title transactions by enabling persons to determine the status and security of recorded real property titles from an

---

[1]All statutory references are to the Civil Code unless otherwise indicated.

examination of recent records. (§ 880.020. subds. (a)(4) & (b); *Worthington v. Alcala* (1992) 10 Cal.App.4th 1404, 1409 [13 Cal.Rptr.2d 374].)

■ The statutory scheme effectively abrogates the "never outlaws" rule by limiting the time for exercising the power of sale under a deed of trust. Section 882.020, subdivision (a) provides: "Unless the lien of a mortgage, deed of trust, or other instrument that creates a security interest of record in real property to secure a debt or other obligation has earlier expired pursuant to Section 2911,[2] the lien expires at, and is not enforceable by action for foreclosure commenced, power of sale exercised, or any other means asserted after, the later of the following times: [¶] (1) If the final maturity date or the last date fixed for payment of the debt or performance of the obligation is ascertainable from the record, 10 years after that date. [¶] (2) If the final maturity date or the last date fixed for payment of the debt or performance of the obligation is not ascertainable from the record, or if there is no final maturity date or last date fixed for payment of the debt or performance of the obligation, 60 years after the date the instrument that created the security interest was recorded." The time periods prescribed in the statute are absolute. (§ 880.250, subd. (a).)

■ As we understand defendants' argument, the power of sale in a deed of trust is a lien which expired pursuant to section 2911. Consequently, the 10- and 60-year limitation periods contained in section 882.020 are inapplicable to deeds of trust. Such an argument completely ignores California case law on the power of sale contained in trust deeds and the legislative intent to reverse the rule that a power of sale "never outlaws." (See legis. committee com., Deering's Ann. Civ. Code (1990 ed.) foll. § 882.020, p. 94.) Although no court in this state has considered the issue, those federal courts which have analyzed section 882.020 are in accord. (See, e.g., *Curry* v. *U.S. Small Business Admin.* (N.D.Cal. 1987) 679 F.Supp. 966, 971-972; *In re Sukhu* (Bankr.N.D.Cal. 1989) 107 Bankr. 729.)

In the instant action the promissory note executed by defendants provided that the underlying obligation was due on February 20, 1978. Consequently, the time for filing a judicial foreclosure expired four years after that date. (Code Civ. Proc., § 337.) However, even though the enforcement of the secured debt has been barred by the statute of limitations, section 2911 does not preclude exercising the power of sale under the deed of trust.

Section 882.020 provides that the lien of a mortgage or deed of trust expires 10 years after the maturity date of the obligation if that date "is

---

[2]Section 2911 provides in pertinent part: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, either: [¶] 1. An action can be brought upon the principal obligation. . . ."

ascertainable from the record," or 60 years after recordation of the deed, if "the last date fixed for payment of the debt . . . is not ascertainable from the record."

■ Defendants assert the term "ascertainable from the record" includes the contents of unrecorded documents referred to in the recorded document. That is, where, as here, the deed of trust makes reference to a promissory note, there is a duty to make a reasonable search outside the records. We disagree.

"Well-settled principles of statutory construction require that we interpret the language of [the Marketable Record Title Act] in a manner to implement the legislative intent. That intent is divined by looking first to the words used in the statute. We ascribe to those words their usual and ordinary meaning [citations], and construe them in the context of the statutory scheme in which they appear, giving significance to every word, phrase, sentence and part of the act in which they appear and avoiding any interpretation which makes some words surplusage. [Citation.]" (*Worthington* v. *Alcala, supra*, 10 Cal.App.4th at p. 1408.) The phrase "ascertainable from the record" in section 882.020 can only mean what it says; i.e., the recorded document must contain the requisite information. (Accord, Bernhardt, Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 2d ed. 1990) § 6:19, p. 294.) Contrary to defendants' cited authority, the purpose of the statute is not merely to give notice that the property is encumbered, but to provide a specific date for the expiration of the encumbrance.

Here, the promissory note, which contains the maturity date for the debt, was not recorded. The deed of trust, which is silent as to the payment date for the obligation, was the only document recorded. Consequently, the maturity date of the obligation is not ascertainable from the record and the lien on the collateral property expires 60 years after recordation of the deed, or December 20, 2037.

Defendants correctly observe the judgment does not make clear whether it authorizes a judicial or nonjudicial foreclosure. Given our analysis, only a nonjudicial foreclosure is permitted.

*Attorney Fees*

■ The trial court awarded attorney fees pursuant to an attorney fees provision in the promissory note. Defendants contend plaintiffs are not entitled to such fees because they failed to make a separate noticed motion for fees pursuant to Code of Civil Procedure section 1033.5. Defendants fail

to mention an award of attorney fees was made in the court's order granting summary judgment. The judgment which includes a judicial determination of the entitlement to fees satisfies the statutory requirement of a noticed motion. (*Wagner* v. *Shapona* (1954) 123 Cal.App.2d 451, 463-464 [267 P.2d 378].)

■ Defendants also question plaintiffs' right to attorney fees where judicial foreclosure is not permitted. The promissory note provides for attorney fees if a suit is commenced. Plaintiffs' complaint states causes of action for judicial foreclosure and declaratory relief. Since the judgment declares plaintiffs' right to exercise the power of sale under the deed of trust, plaintiffs are the prevailing parties and entitled to an award of attorney fees.

### DISPOSITION

The judgment is affirmed.

Merrill, J., and Jenkins, J.,* concurred.

A petition for a rehearing was denied August 22, 1994, and appellants' petition for review by the Supreme Court was denied November 17, 1994.

---

*Judge of the Alameda Superior Court sitting under assignment by the Chairperson of the Judicial Council.