**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS PINEDA, | No.    11-55006 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-02267-DMG-PJW |
| v. | |
| WELLS FARGO BANK, NA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Jose Luis Pineda appeals pro se from the district court's judgment in his action alleging federal and state law foreclosure-related claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Colony Cove Props., LLC v. City of*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Pineda's Real Estate Settlement Procedures Act claim because "letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under § 2605(e)." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012); *see also* 12 U.S.C. § 2605(e) (identifying service-related inquires that require a loan servicer to respond).

The district court properly dismissed Pineda's Fair Debt Collection Practices Act claim because Pineda failed to allege facts sufficient to show that Wells Fargo Bank is a "debt collector." *See* 15 U.S.C. § 1692a(6) (defining "debt collector" under FDCPA as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"); *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) ("[A] 'creditor' is not a 'debt collector' under the FDCPA.").

The district court properly dismissed Pineda's equitable causes of action seeking to set aside the trustee's sale, cancel the trustee's deed, and quiet title because Pineda failed to allege facts sufficient to show his ability to tender payment of the indebtedness or a valid excuse to the tender requirement. *See Lona*

2

*v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640-42 (Ct. App. 2011) (explaining the tender requirement and excuses to tender); *Miller v. Provost*, 33 Cal. Rptr. 2d 288, 289-90 (Ct. App. 1994) (quiet title); *Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17-18 (Ct. App. 1984) (equitable set-aside); *Karlsen v. Am. Sav. & Loan Ass'n*, 92 Cal. Rptr. 851, 854 (Ct. App. 1971) (action to cancel a voidable sale under a deed of trust).

The district court did not abuse its discretion by taking judicial notice of facts concerning defendants' corporate name changes and mergers located on the Federal Deposit Insurance Corporation website. *See* Fed. R. Evid. 201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (setting forth standard review, and explaining the circumstances in which the district court may take judicial notice of matters of public record in ruling on a motion to dismiss for failure to state a claim); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of official information posted on a governmental website, the accuracy of which was not factually challenged).

11-55006

The district court did not abuse its discretion by dismissing Pineda's second amended complaint without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

We reject as unsupported by the record Pineda's contentions that the district judge failed to rule on his objections and that the district court was not impartial.

**AFFIRMED.**