Filed 3/5/21  Muhammad v. Deutsche Bank National Trust Co. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RAY MUHAMMAD,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY et al.,<br><br>　　　Defendants and Respondents. | A155865<br><br>(Contra Costa County Super. Ct. No. CIVMSC18-00777) |

Ray Muhammad filed this lawsuit against Deutsche Bank National Trust Company and its affiliates (Deutsche Bank) to prevent non-judicial foreclosure of his property, alleging that the statutory time period for effectuating a foreclosure has expired.  After sustaining a demurrer to Muhammad's first amended complaint without leave to amend, the court entered judgment in favor of Deutsche Bank.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.  Muhammad's Loan**

In June 2004, Muhammad obtained a $324,000 loan from GreenPoint Mortgage Funding, Inc., which was evidenced by a promissory note and secured by a deed of trust encumbering Muhammad's property in Richmond (the property).  The deed of trust, which states that the borrower "has promised to pay this debt in regular Periodic Payments and to pay the debt in

1

full not later than July 01, 2034," includes a provision granting the lender the power of sale in the event of a default.

On May 28, 2009, a notice of default and election to sell was recorded against the property, which reflected a past due balance on the loan of $13,776.50. However, this default notice was rescinded on November 6, 2013.

On April 3, 2014, the deed of trust securing Muhammad's loan was assigned to Deutsche Bank. On April 15, Muhammad filed a voluntary bankruptcy petition, which was dismissed on October 27, 2014.

On September 29, 2015, a notice of default and election to sell under deed of trust was recorded on behalf of Deutsche Bank, which indicated a past due balance on Muhammad's loan in the amount of $161,773.44. On July 5, 2016, Muhammad filed a voluntary bankruptcy petition, which was dismissed on February 20, 2018. Pursuant to a notice of sale recorded on April 12, the property was scheduled to be sold on May 21, 2018.

## II. The Present Action

On April 16, 2018, Muhammad, acting in propria persona, filed a complaint to quiet title, seeking to prevent Deutsche Bank from claiming any right or interest in the property. A month later, on May 16, 2018, Muhammad filed an amended complaint with the assistance of counsel, purporting to state causes of action for cancellation of instruments, quiet title, slander of title, injunctive relief, and declaratory relief, all of which were premised on the allegation that foreclosure of Muhammad's property was time-barred.

According to this pleaded theory, Muhammad's loan was accelerated and became due when the 2009 notice of default was recorded; under California Uniform Commercial Code section 3118, Deutsche Bank had six years from the date of that default notice to enforce its lien, but failed to do

2

so; once this "applicable statute of limitation" expired, the "lien" against Muhammad's property "was extinguished"; and, by virtue of Civil Code section 882.030, the lien and deed of trust are deemed "for all purposes as satisfied."

Deutsche Bank filed a demurrer to the first amended complaint and a hearing was set for August 20, 2018. The superior court issued a tentative ruling to sustain the demurrer without leave to amend. The court found that every cause of action was based on the false premise that Deutsche Bank's right to conduct nonjudicial foreclosure proceedings had expired. The applicable statute of limitations was not Uniform Commercial Code section 3118, as Muhammad had alleged. It was Civil Code section 882.020, under which Deutsche Bank had 10 years from the final maturity date of the underlying debt to exercise its right of sale. Additionally, the court found, Muhammad's injunctive relief claim was not an independent cause of action, and his declaratory relief claim was superfluous of other purported causes of action.

At the August 20 hearing on the demurrer, Muhammad appeared in pro per and disputed the tentative ruling. After oral argument, the court sustained the demurrer, but granted Muhammad's request for additional time to review the defendants' proposed order. On September 7, 2018, the court signed an order, which sustained Deutsche Bank's demurrer without leave to amend, dismissed the first amended complaint with prejudice, and entered final judgment of dismissal.

## DISCUSSION

Muhammad's sole contention on appeal is that the demurrer should not have been sustained because he alleged facts to establish that foreclosure of his home is time-barred. "We review an order sustaining a demurrer de novo

3

to determine whether the complaint states facts sufficient to constitute a cause of action. [Citations.] We construe the complaint 'liberally . . . with a view to substantial justice between the parties' [citation] and treat it ' " 'as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' " ' " (*Rufini v. CitiMortgage, Inc.* (2014) 227 Cal.App.4th 299, 303–304.)

Muhammad argues that he stated facts to prove that nonjudicial foreclosure is time-barred under Uniform Commercial Code section 3118 by alleging that his loan was accelerated by the 2009 default notice and that Deutsche Bank failed to enforce its rights within six-years after that note became due. We reject this argument because Uniform Commercial Code section 3118 is not the governing statute for purposes of calculating the statute of limitations applicable to the power of sale in the deed of trust.[1]

Uniform Commercial Code section 3118, states that "an action to enforce the obligation of a party to pay a note payable at a definite time shall be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." By its clear language, this statute establishes the limitations period for bringing an action on a note, not for exercising a power of sale in the deed of trust.

---

[1] Deutsche Bank disputes Muhammad's allegation that the May 2009 notice of default accelerated the maturity date for payment of the loan, pointing out that this default notice was rescinded in 2013. Like the trial court, we find it unnecessary to decide whether the 2013 rescission notice would impact a calculation of the limitations period under Uniform Commercial Code section 3118 because this statute is inapplicable as a matter of law.

4

Citing *Yvanova v. New Century Mortgage Corp*. (2016) 62 Cal.4th 919, 927 for the proposition that "a deed of trust is inseparable from the promissory note it secures," Muhammad argues that when the limitations period for enforcing a promissory note expires, enforcement of the deed of trust attendant to that note necessarily expires. This argument is also untenable. *Yvanova* does not address statutes of limitations; the issue in that case was whether a borrower had standing to challenge a void assignment of a deed of trust. (*Yvanova,* at p. 923.) California law establishes that the expiration of the statute of limitations for enforcement of a secured debt does not preclude exercising a power of sale in the deed of trust. (See, e.g., *Carson Redevelopment Agency v. Adam* (1982) 136 Cal.App.3d 608, 610–611; *Miller v. Provost* (1994) 26 Cal.App.4th 1703, 1708 (*Miller*); *Nicolopulos v. Superior Court* (2003) 106 Cal.App.4th 304, 309 (*Nicolopulos*).)

As the trial court found, the applicable statute of limitations is not Uniform Commercial Code section 3118, but rather Civil Code section 880.020. Prior to 1982, California law provided that the power of sale under a deed of trust never expired. (*Ung v. Koehler* (2005) 135 Cal.App.4th 186, 192–194 (*Ung*); see also *Robin v. Crowell* (2020) 55 Cal.App.5th 727, 749 (*Robin*).) This law changed with the passage of the Marketable Record Title Act (Civ. Code, §§ 880.020–887.090; the Act), which, for the first time, "limited the time period for exercising a power of sale under a deed of trust." (*Robin*, at p. 749; *Miller, supra,* 26 Cal.App.4th at p. 1708.)

Section 882.020, subdivision (a) of the Act states that "[u]nless the lien of a mortgage, deed of trust, or other instrument that creates a security interest of record in real property to secure a debt or other obligation has earlier expired pursuant to Section 2911," the lien becomes unenforceable "by

action for foreclosure commenced, power of sale exercised, or any other means" either 10 years after "the final maturity date or the last date fixed for payment of the [underlying] debt," or "60 years after the date the instrument that created the security interest was recorded." (Civ. Code, § 882.020, subd. (a).)

In the present case, the deed of trust states that the final maturity date for full payment of Muhammad's loan is July 1, 2034. Therefore, as the trial court found, the power of sale created by the deed of trust is enforceable until July 1, 2044. (Civ. Code, § 882.020, subd. (a).) Because this fact precludes Muhammad from establishing that foreclosure proceedings are time-barred, the demurrer was properly sustained.

Muhammad contends that, by its own terms, Civil Code section 882.020 does not apply when the "debt or other obligation has earlier expired pursuant to Section 2911." Muhammad insists that this exception applies here because six years after the 2009 notice of default was recorded, Muhammad's debt expired under Uniform Commercial Code section 3118.

Muhammad misconstrues the language in Civil Code section 882.020. The exception in this statute does not hinge on whether the underlying *debt* has expired, but whether the "instrument that creates a security interest of record in real property to secure a debt or other obligation has earlier expired pursuant to Section 2911." (Civ. Code, § 882.020, subd. (a).) Thus, to avoid application of section 882.020, Muhammad would have to show that the deed of trust, including the power of sale in it, has "earlier expired pursuant to Section 2911." (*Ibid.*)

Civil Code section 2911 provides that "[a] lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure . . . . ¶ . . . [a]n action can be brought upon the principal

6

obligation." This statute "extinguishes the right to bring an action for *judicial* foreclosure of a deed of trust upon expiration of the statute of limitations on the underlying debt." (*Robin, supra,* 55 Cal.App.5th at p. 744, italics added; see also *Ung, supra,* 135 Cal.App.4th at p. 193.) However, Civil Code section 2911 does not apply to nonjudicial foreclosure proceedings under a deed of trust because it "has been interpreted to extinguish only the lien of the deed of trust, i.e., the security interest enforceable through judicial foreclosure, and not the power of sale." (*Robin,* at p. 750.) The power of sale under a deed of trust is created by a transfer of title and thus does not constitute a lien within the meaning of Civil Code section 2911. (*Robin*, at p. 749; *Ung,* at pp. 195–196.)

Muhammad posits that Civil Code section 882.020 does not apply because nonjudicial foreclosure is barred by section 882.030 of the Act, which states that "[e]xpiration of the lien of a mortgage, deed of trust, or other security interest pursuant to this chapter or any other statute renders the lien unenforceable by any means commenced or asserted thereafter." (Civ. Code, § 882.030.) Muhammad's contention that section 882.030 is the governing statute is not accompanied by analysis, but it echoes his pleaded theory that, once the limitations period applicable to Muhammad's note expired, the associated lien and deed of trust were deemed "for all purposes as satisfied" by virtue of Civil Code section 882.030. This theory was squarely rejected in *Ung, supra*, 135 Cal.App.4th at pp. 194–200.

*Ung* was an action to enjoin a nonjudicial foreclosure on the ground that the statutory time limit for exercising a power of sale in a deed of trust had expired. (*Ung, supra*, 135 Cal.App.4th at p. 190.) The plaintiff did not dispute controlling case law, which establishes that a power of sale is not a "lien" that expires under Civil Code section 2911. (*Ung*, at p. 194.) She

7

argued, however, that since section 2911 does apply to the lien created by the right of judicial foreclosure, the expiration of that lien means that, under Civil Code section 882.030, the deed of trust is rendered unenforceable by *any* other means, "thereby precluding nonjudicial enforcement as well." (*Ung*, at p. 194.) The trial court agreed with plaintiff's argument, but the appellate court rejected it, explaining that her interpretation of section 882.030 conflicted with "a century's worth of case law" and would render section 882.020, subdivision (a) "largely pointless." (*Ung*, at p. 195.)

Muhammad concedes that the "position" he takes in this case is inconsistent with *Ung,* but he argues that *Ung* was wrongly decided. We are persuaded by *Ung*, a case decided in Division One of the First District Court of Appeal, and we adopt its analysis here. We note too that *Ung* applies settled case law that Muhammad simply ignores. (See, e.g., *Nicolopulos*, *supra*, 106 Cal.App.4th 304; *Miller*, *supra,* 26 Cal.App.4th 1703.)

Muhammad contends that if this court does follow *Ung*, we must afford him leave to amend because the *Ung* court recognized that the four-year limitations period for breach of contract claims may be the controlling statute of limitations. (Citing *Ung, supra*, 135 Cal.App.4th at p. 198.) On appeal, a "plaintiff may propose new facts or theories to show the complaint can be amended to state a cause of action." (*Connerly v. State of California* (2014) 229 Cal.App.4th 457, 460.) Here though, Muhammad's new theory misconstrues *Ung*, which contemplated a scenario in which the four-year statute of limitations applicable to contracts in writing (Code Civ. Proc., § 337) would apply to *judicial* foreclosure proceedings by virtue of Civil Code section 2911. The court rejected the contention that this four-year statute restricts enforcement of a power of sale in a deed of trust. (*Ung*, at p. 198.) Thus, Muhammad has not met his burden on appeal to "show in what

manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

Acting in propria persona, Muhammad has filed a reply brief accusing his appellate counsel of ineffective assistance and purporting to establish that his complaint does state a valid claim. To the extent these arguments are new, Muhammad fails to make a sufficient showing to justify presenting them for the first time in his reply brief. (See *SCI California Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 573, fn. 18 ["appellant cannot salvage a forfeited argument by belatedly addressing the argument in its reply brief"]; *In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1477 [" 'Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant' "]; *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894–895, fn. 10 [points raised in reply brief for first time will not be considered absent a showing of good cause].) Nevertheless, in the interests of justice, we briefly address two issues.

Muhammad contends that, contrary to representations in the appellant's opening brief, he has never alleged that Deutsche Bank's rights against his property expired under Civil Code section 2911. Rather, his contention is that foreclosure of his property is time-barred under Uniform Commercial Code section 3118 because Civil Code section 2914 states that "[n]one of the provisions of this chapter apply to any transaction or security interest governed by the Uniform Commercial Code." This argument begs the question whether the present case is "governed by the Uniform Commercial Code." (Civ. Code, § 2914.) As we discuss above, Uniform Commercial Code section 3118 applies in "an action to enforce the obligation

9

of a party to pay a note." Deutsche Bank did not bring such an action against Muhammad. Instead, it exercised the power of sale in a deed of trust, a power that is governed by the limitations period set forth in Civil Code section 882.020. We note too that section 882.020 appears in a different chapter of the Civil Code than section 2914.

Muhammad also complains that nobody has rebutted his argument that this case is governed by *Curry v. U.S., Small Business Admin.* (N.D.Cal. 1987) 679 F.Supp. 966 (*Curry*). In that quiet title action, a borrower who had obtained a loan from a federal agency sought a declaration that the agency "no longer had a valid property interest in her home due to the expiration of the underlying obligation." (*Id.* at p. 969.) Resolving the "convoluted matter" on cross-motions for summary judgment, the district court entered judgment in favor of the agency. (*Ibid.*) The court reasoned that even though an action on the promissory note was barred by the statute of limitations (28 U.S.C. § 2415(a)), the agency's power of sale and deed of trust remained valid and enforceable under California law. (*Curry*, at pp. 970 & 972.) It reached that conclusion in part based on a provision of the Act not relevant here (*id.* at p. 972 [discussing Civ. Code, § 882.040, subd. (b)]) after "[a]ssuming arguendo" the legal proposition Muhammad seeks to establish here. But an assumption for purposes of argument is not authority, so *Curry* does not assist Muhammad in any material way or alter the conclusions we reach here.

10

# DISPOSITION

The judgment is affirmed.

TUCHER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

*Muhammad v. Deutsche Bank National Trust Company et al.* (A155865)

11