Filed 11/30/22  Lucchesi v. Bank of America CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DARLYNE LUCCHESI, | |
| Plaintiff and Appellant, | G059769 |
| v. | (Super. Ct. No. 30-2018-01006479) |
| BANK OF AMERICA, N.A., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.

Darlyne Lucchesi, in pro. per., for Plaintiff and Appellant.

McGuireWoods LLP, Tanya L. Green and E. Christine Hehir for Defendants and Respondents.

\*        \*        \*

Plaintiff Darlyne Lucchesi owns four properties – two in Los Angeles, one in Seal Beach, and one in Tustin – which she claims are worth over $7 million. In 2006, she refinanced all four properties with loans from defendant Countrywide Home Loans Inc. (Countrywide), which were later acquired by defendant Bank of America N.A. (Bank of America). Plaintiff eventually defaulted on all four loans and the corresponding properties were put into foreclosure proceedings.

Plaintiff filed this lawsuit against Countrywide, Bank of America, and other defendants in 2018, concerning the loan for the property in Seal Beach (the Seal Beach property), which is plaintiff's primary residence. In the suit, plaintiff sought to cancel the deed of trust for the Seal Beach property. She alleged the statute of limitations to enforce the power of sale in the deed of trust had expired under Civil Code section 2911 and was unenforceable.[1] She also asserted Countrywide and Bank of America had made false statements regarding the loan. After a series of challenges to the pleadings, the trial court sustained Countrywide and Bank of America's demurrer to plaintiff's third amended complaint (TAC) without leave to amend. The court rejected her theory that the power of sale had expired and found her remaining claims were time-barred, among other things. Judgment was subsequently entered.

On appeal, plaintiff primarily contends the power of sale in the deed of trust for the Seal Beach property has expired under section 2911, so her property cannot be sold through nonjudicial foreclosure. We disagree. Appellate courts have uniformly rejected this argument, finding section 2911 does not apply to the power of sale. Plaintiff has also failed to show her claims were timely asserted. Thus, we affirm the judgment.

---

[1] All further undesignated references are to the Civil Code.

# I

## FACTS AND PROCEDURAL HISTORY

In March 2006, plaintiff obtained a $1 million loan from Countrywide, which was secured by the Seal Beach property through a deed of trust (the deed of trust). In October 2007, Countrywide sent plaintiff a Notice of Default and Acceleration (the 2007 acceleration notice), stating plaintiff had missed her last mortgage payment and owed $8,250.85. Plaintiff was instructed to remit this amount by November 16, 2007, to cure the default. If uncured, her loan would "be accelerated with the full amount . . . becoming due and payable in full," and the Seal Beach property could be sold at a foreclosure sale.

Following the 2007 acceleration notice, the deed of trust and promissory note were transferred to different lenders and/or servicers. Bank of America took over as servicer and lender in July 2008. It then appears to have sold the promissory note and the deed of trust in 2012. In June 2012, it recorded an Assignment of Deed of Trust conveying its interest in the deed of trust to U.S. Bank National Association as trustee for the holders of the WMALT 2006-AR4 Trust (U.S. Bank). Bank of America continued servicing the loan for a few months after the sale. At some point in 2012 or 2013, servicing of the loan was assigned to Specialized Loan Servicing, LLC (SLS) and then later transferred to Nationstar Mortgage Servicing LLC (Nationstar) in 2014. U.S. Bank, SLS, and Nationstar are defendants in the underlying lawsuit but are not parties to this appeal.

Notices of default for the Seal Beach property were recorded and rescinded in 2008 and 2012. Plaintiff filed for bankruptcy in March 2015 to stop the foreclosure sale of one of her Los Angeles properties. Her bankruptcy was discharged in June 2015. Another notice of default was recorded on the Seal Beach property in September 2015, stating plaintiff owed $252,660.71. Plaintiff then filed for bankruptcy again in May 2016, and was discharged in January 2017.

3

Plaintiff filed this self-represented lawsuit in July 2018, asserting claims against Bank of America, Countrywide, Nationstar, SLS, and U.S. Bank (together, defendants). The parties do not explain the procedural history in much detail, but it appears the case was removed to federal district court and later remanded to the Orange County Superior Court. After a series of successful challenges to the pleadings, plaintiff filed the operative TAC in August 2019.[2] She asserted causes of action against defendants for (1) fraud, (2) promissory estoppel, (3) breach of contract, (4) cancellation of instruments, (5) unjust enrichment, (6) intentional infliction of emotional distress, (7) violations of section 2924, (8) breach of the implied covenant of good faith and fair dealing, (9) violations of Business and Professions Code section 17200, and (10) declaratory relief.

The TAC is difficult to parse, but it appears plaintiff's claims were based on four general allegations. First, plaintiff alleged the 2007 acceleration notice triggered the statute of limitations for defendants to exercise the power of sale in the deed of trust. She asserted that statute of limitations had expired, therefore, defendants could not foreclose on the Seal Beach property. Second, she mentioned Countrywide promised her a fixed-rate loan but gave her a loan with a variable rate. Third, she claimed Countrywide and Bank of America made false promises to modify her loan after the 2007 acceleration notice. Fourth, she alleged Nationstar engaged in extreme and unlawful acts while attempting to nonjudicially foreclose on the Seal Beach property.

Bank of America and Countrywide jointly demurred to the TAC. Among other things, they argued plaintiff's claims were barred by judicial estoppel and the applicable statutes of limitation for each claim. They also maintained plaintiff's theory

_____

[2] A federal district court dismissed plaintiff's first amended complaint and granted her leave to file a second amended complaint. Plaintiff's second amended complaint was filed in the district court. This case was remanded to the superior court shortly thereafter, and the superior court sustained defendants' respective demurrers to the second amended complaint.

4

regarding the statute of limitations governing the power of sale was contrary to law. The trial court agreed and sustained the demurrer without leave to amend.

In a terse minute order, the court explained that "[s]tatute of limitation provisions are not applicable to a power of sale under a deed of trust; The deed of trust was . . . accelerated in 2007; Because the deed of trust does not state a 'final maturity date,' the 60-year rule governs its nonjudicial power of sale and [it] will not expire until 2063; [¶] Plaintiff's discharge in bankruptcy did not extinguish the mortgage holder's ability to foreclose on the lien; Further, Plaintiff did not schedule her current claims against these Defendants in her Bankruptcy petition; Plaintiff's failure to list these claims estops her from asserting such unlisted claims after the discharge; [¶] Plaintiff does not dispute that all applicable statutes of limitation were past; Delayed discovery explanation is not sufficient; She does not allege any specific act taken by either of these Defendants to conceal from her the facts giving rise to her asserted claims[.]" Judgment was entered against plaintiff on October 27, 2020.[3]

In this appeal, plaintiff challenges the trial court's demurrer ruling. Primarily, she argues the court erred by finding the power of sale in the deed of trust is still enforceable. We disagree with plaintiff and are also unpersuaded by her other contentions.

---

[3] Plaintiff describes several postjudgment motions in her briefs and appears to suggest they were improperly decided by the trial court. Plaintiff has only appealed the judgment, not these postjudgment orders. Thus, we do not discuss her postjudgment motions. We also note that Bank of America and Countrywide filed a motion to dismiss this appeal for lack of jurisdiction, which we denied on April 29, 2021.

II

DISCUSSION

*A. Standard of Review*

We review the trial court's demurrer ruling de novo. (*Arista v. County of Riverside* (2018) 29 Cal.App.5th 1051, 1059.) The court's ruling is presumed correct, and "'"[a]ll intendments and presumptions are indulged to support it . . . ."'" (*Universal Home Improvement, Inc. v. Robertson* (2020) 51 Cal.App.5th 116, 125.) It is plaintiff's burden to "frame the issues for us, show us where the superior court erred, and provide us with the proper citations to the record and case law. '"'D]e novo review does not obligate us to cull the record for the benefit of the appellant. . . . As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error . . . by citation to the record and any supporting authority.'"'" (*Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 913.)

Plaintiff is self-represented on appeal. Courts should ensure self-represented parties are given meaningful access to the legal system and decide issues on the merits when possible. (See *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468, 1487.) Still, a self-represented party "'is entitled to the same, but no greater, consideration than other litigants and attorneys.'" (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.) A court cannot embrace a partisan role and act as a self-represented party's de facto attorney. (*Singman v. IMDB.com, Inc.* (2021) 72 Cal.App.5th 1150, 1151–1152.)

Plaintiff's arguments can be difficult to follow at times. Guided by the authority above, we address her comprehensible arguments below. But we cannot speculate as to the arguments she intended to make, nor can we supply legal support for her arguments if she has failed to do so herself. Such actions would improperly place the court in a partisan role.

6

*B.  Power of Sale*

Plaintiff's principal goal on appeal is to cancel the deed of trust for the Seal Beach property and ensure it cannot be sold through nonjudicial foreclosure.  She argues the statute of limitations to enforce the power of sale in the deed of trust has expired, therefore, the Seal Beach property is immune to judicial and nonjudicial foreclosure.  As described in the facts above, neither Countrywide nor Bank of America appear to have any current interest in the note or deed of trust.  Likewise, the TAC alleges *Nationstar* is the party attempting to nonjudicially foreclose on the Seal Beach property.  However, plaintiff's theory appears to be relevant to her other claims.  She contends the power of sale expired while Bank of America still held an interest in the deed of trust.  Because Bank of America refused to remove the lien from the property after it allegedly expired, plaintiff apparently believes Bank of America is liable for any unlawful actions that subsequently occurred.  Since plaintiff's power-of-sale theory is arguably relevant to some of her claims against Bank of America, we will address its merits.  Before explaining the specifics of plaintiff's argument, though, we first review the relevant background law.

"When the [borrower] defaults in its obligations under the promissory note and deed of trust, the beneficiary ordinarily has two methods to enforce the security interest of the deed of trust.  [Citation.]  The beneficiary may bring an action for judicial foreclosure . . . or pursue a nonjudicial foreclosure, also known as a trustee's sale, pursuant to the power of sale granted in the deed of trust." (*Robin v. Crowell* (2020) 55 Cal.App.5th 727, 743 (*Robin*).)  "Judicial enforcement of a lien and nonjudicial enforcement though a power of sale are conceptually separate." (*Trenk v. Soheili* (2020) 58 Cal.App.5th 1033, 1041 (*Trenk*).)

Prior to 1982, "the general rule in California was that no *judicial foreclosure* could be had on a deed of trust when the statute of limitations had run on the underlying obligation.  If a creditor elected to bring an action under Code of Civil

7

Procedure section 725a, the statute of limitations could be pleaded as a defense, since it ran both on the personal obligation, as well as on any action to enforce the creditor's rights against the security. [Citations.] [¶] However, the rule differed for the power of sale contained in a deed of trust. California cases had continuously held that the power of sale under a deed of trust was not barred, or 'never outlaws,' and that the power of sale might be exercised by the trustee who held the title even though the statute of limitations had barred any action on the debt." (*Miller v. Provost* (1994) 26 Cal.App.4th 1703, 1707, italics added (*Miller*).)

The Legislature ended the "'never outlaws'" rule by enacting the Marketable Record Title Act in 1982 (the Act). The Act "effectively abrogate[d] the 'never outlaws' rule by limiting the time for exercising the power of sale under a deed of trust." (*Miller*, *supra*, 26 Cal.App.4th at p. 1708.) The Act's limitation period is found in section 882.020, subdivision (a), which provides, "[u]nless the lien of a mortgage, deed of trust, or other instrument that creates a security interest of record in real property to secure a debt or other obligation has earlier expired pursuant to Section 2911, the lien expires at, and is not enforceable by action for foreclosure commenced, power of sale exercised, or any other means asserted after, the later of the following times:" (1) 10 years after the final maturity or last payment date if it "is ascertainable from the recorded evidence of indebtedness," or (2) if such a date "is not ascertainable from the recorded evidence of indebtedness," then 60 years from the security instrument's recording date. (§ 882.020, subd. (a)(1), (2).)

Section 882.030 further explains, "[e]xpiration of the lien of a mortgage, deed of trust, or other security interest pursuant to this chapter or any other statute renders the lien *unenforceable by any means* commenced or asserted thereafter and is equivalent for all purposes to a certificate of satisfaction, reconveyance, release, or other discharge of the security interest, and execution and recording of a certificate of satisfaction,

8

reconveyance, release, or other discharge is not necessary to terminate or evidence the termination of the security interest." (Italics added.)

Plaintiff's argument focuses on the introductory portion of section 882.020, subdivision (a), which states the 10-year and 60-year limitation periods do not apply if the lien or deed of trust "has earlier expired pursuant to Section 2911." Plaintiff asserts the relevant power of sale has expired under section 2911, which states, "[a] lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure . . . : [¶] [a]n action can be brought upon the principal obligation." According to plaintiff, after accelerating the note in 2007, Countrywide and Bank of America had, at most, six years to foreclose on the property under the Code of Civil Procedure. (Citing Code Civ. Proc., § 336a.) Because they did not, she believes the power of sale has expired under section 2911, making it unenforceable under sections 882.020, subdivision (a), and 882.030. As such, the Seal Beach property can no longer be sold through judicial or nonjudicial foreclosure.

Plaintiff's theory hinges on whether section 2911's statute of limitations applies to the power of sale in a deed of trust. As alluded to above, prior to the passage of the Act in 1982, it was well settled that section 2911 only applied to judicial foreclosure. It did not apply to nonjudicial foreclosure, in which property is sold by exercising the power of sale. (*Ung v. Koehler* (2005) 135 Cal.App.4th 186, 193 (*Ung*).) Plaintiff insists the Act altered this longstanding rule and made nonjudicial foreclosures subject to section 2911. Not so. Appellate courts have uniformly rejected this argument, finding section 2911 still does not apply to the power of sale following the Act's passage. (See, e.g., *Miller*, *supra*, 26 Cal.App.4th at pp. 1708-1709; *Ung*, *supra*, 135 Cal.App.4th at pp. 194-198; *Trenk*, *supra*, 58 Cal.App.5th at pp. 1040-1041; *Robin*, *supra*, 55 Cal.App.5th at pp. 749-750.)

As another appellate court recently explained, "the interplay between sections 882.020 and 2911 precludes an action for *judicial foreclosure* to enforce a lien

on real property after the statute of limitations on the secured obligation has run. However, where a trust deed is involved, section 2911 applies only to the lien that is 'enforceable through judicial foreclosure, and *not the power of sale*.'" (*Trenk*, *supra*, 58 Cal.App.5th at p. 1041, italics added.) While the Act abolished the old rule that the power of sale never expires, it did not make section 2911's limitation period applicable to the power of sale. Rather, under the Act, the limitation period to enforce the power of sale is either 10 years after the maturity date if it "is ascertainable from the recorded evidence of indebtedness," or 60 years after recordation of the relevant security instrument. (§ 882.020, subd. (a)(1), (2); *Ung*, *supra*, 135 Cal.App.4th at pp. 190-191, 198.)

Plaintiff attempts to distinguish the above cases, arguing many of them involved deeds of trust with no maturity date. In contrast, the deed of trust here has a maturity date of April 1, 2046. But plaintiff fails to explain the legal significance of this distinction. And our review of these cases shows the presence of a maturity date is irrelevant to the holdings at issue. As *Trenk* explained, when the Legislature passed the Act in 1982, it "gave no indication that it intended to alter the long accepted judicial interpretation of the scope of section 2911. Thus, every case that has considered the issue has decided that section 882.020 preserved the rule that the expiration of the statute of limitations on a secured obligation does not extinguish the right to exercise a power of sale in a deed of trust." (*Trenk*, *supra*, 58 Cal.App.5th at p. 1043.)

To clarify, the presence or lack of a maturity date in a deed of trust is relevant to a different question. It determines whether the applicable statute of limitations for a power of sale is 10 years after the loan's maturity date or 60 years after the deed of trust was recorded. (§ 880.020, subd. (a)(1), (2); see, e.g., *Miller*, *supra*, 26 Cal.App.4th at pp. 1708-1709; *Trenk*, *supra*, 58 Cal.App.5th at p. 1043; *Ung*, *supra*, 135 Cal.App.4th at pp. 200-204; *Robin*, *supra*, 55 Cal.App.5th at pp. 749-750.) But it has no bearing on whether section 2911 applies to a given power of sale.

10

Plaintiff also references section 882.010 to support her argument for applying a six-year statute of limitations. But section 882.010 does not exist. It was part of the California Law Revision Commission's recommended text for the Act. During the legislative process, however, it was removed from the Act and not passed into law. (*Ung*, *supra*, 135 Cal.App.4th at pp. 198-199.) Likewise, plaintiff cites *Jarvis v. Fannie Mae* (9th Cir. 2018) 726 Fed.Appx. 666, in support of her argument. We need not discuss *Jarvis* because it interprets Washington law. (*Id*. at pp. 666-667.) Plaintiff also cites *Edmundson v. Bank of Am., NA* (Wash.Ct.App. 2016) 194 Wash.App. 920, but fails to explain why this Washington case is persuasive here.

As a backup argument, plaintiff also appears to assert the 2007 acceleration notice triggered the 10-year limitations period under section 882.020, subdivision (a)(1), making the power of sale void in November 2017. This argument also fails. For purposes of calculating the 10-year limitations period, the final maturity date must be "ascertainable from the recorded evidence of indebtedness." (§ 882.020, subd. (a)(1).) A "'"recorded evidence of indebtedness" . . . is synonymous with deed of trust so . . . the filing of a notice of default will not impact the statute of limitations on liens placed on a property with a mortgage.'" (*Schmidli v. Pearce* (2009) 178 Cal.App.4th 305, 316.) Here, the deed of trust states the loan's maturity date is April 1, 2046, so the power of sale therein will not expire until April 2056.

Finally, plaintiff claims her lien was extinguished through her bankruptcy discharge. But it is unclear from the discharge order she cites whether this assertion is true. Plaintiff also cites to title 11 United States Code section 524(a)(1), to support this assertion. But this statute appears to be irrelevant. It states a bankruptcy discharge, "voids any *judgment* at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section[s] 727, 944, 1141, 1192, 1228, or 1328 of this title . . . ." (Italics added.) The debt at issue is not a judgment. Nor has plaintiff cited any authority showing this

11

statute applies to the loan at issue.  Since plaintiff has failed to show any error, we must presume the trial court correctly ruled her bankruptcy discharge did not affect the right to foreclose on the Seal Beach property.  (*Universal Home Improvement, Inc. v. Robertson*, *supra*, 51 Cal.App.5th at p. 125.)

## C.  Statute of Limitations for Plaintiff's Claims

The trial court found plaintiff's claims were time-barred and the delayed discovery rule did not apply.  On appeal, plaintiff appears to conflate the limitation period for her claims with the limitation period for the power of sale.  She states, "Respondents improperly claim that Plaintiff had four years to enter court for an action; failing to realize this is contrary to the Statutes that already expired the [deed of trust's] rights to enforce were expired earlier.  Respondents cannot continue this misrepresentation that a right to enforce never expires when the law says contrary."  Plaintiff fails to explain how the power of sale's alleged expiration has any bearing on the limitation periods for her own claims, and we cannot construct this argument for her.  (*Morgan v. Imperial Irrigation Dist.*, *supra*, 223 Cal.App.4th at p. 913.)

Plaintiff also contends that in March 2018, she discovered her signature was forged on certain loan documents.  Presumably, she is asking for application of the delayed discovery rule.  She fails to identify the specific claims that would be saved by the rule.  And, regardless, we are not persuaded the rule applies.

"[T]o rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.'"  (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808.)

Before applying the above test, we note plaintiff's causes of action appear to be facially time-barred (and plaintiff does not claim otherwise).  Aside from the power

12

of sale argument above, her claims against Bank of America and Countrywide appear to be based on two theories: (1) they promised her a fixed-rate loan but gave her a loan with a variable rate in 2006; and (2) after her rate changed and her payments increased, they falsely promised to modify her loan from 2008 to 2013. Plaintiff filed this lawsuit in 2018. She does not dispute the respective limitation periods for her claims are four years or less.

As to the discovery rule, plaintiff has failed to explain why she was unaware of her claims until discovering the allegedly forged documents in March 2018. She identifies two forged documents: a Truth in Lending Disclosure provided by Countrywide and "an alleged loan modification." Significantly, during a motion to dismiss hearing in the district court, plaintiff conceded her signatures on deed of trust and promissory note had not been forged. The deed of trust contains an Adjustable Rate Rider, whose first page states, "**THE NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT**." Even if this document did not exist or was altered, plaintiff alleges her loan payments dramatically increased in 2007. Thus, plaintiff should have reasonably known by 2007 that she did not have a fixed-rate loan. She also fails to explain how she was unaware the loan modification promises were false until uncovering the forged documents.

These same deficiencies were present in earlier versions of plaintiff's complaint. The district court previously dismissed plaintiff's first amended complaint on statute of limitations grounds, rejecting her argument under the delayed discovery rule: "Apparently recognizing [the] timeliness issue, Plaintiff states she only discovered 'fraudulent concealment of "Origination Loan Documents" and Forged Signature of TILA' in 2018, when Nationstar sent her a 'disclosure with a forged signature.' [Citation.] Plaintiff hasn't provided sufficient facts to support this claim of forgery or to show that until 2018, she could not through reasonable diligence have discovered the facts giving rise to her claims against [Countrywide and Bank of America]."

13

Plaintiff has had four opportunities to plead viable claims against Countrywide and Bank of America but has failed to do so each time. Nor has plaintiff given us any reason to believe she could amend her complaint to plead viable claims against them if given a fifth chance. As such, the trial court did not abuse its discretion by denying leave to amend.[4] (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

D. *Independent Review*

Plaintiff briefly asserts that under *People v. Wende* (1979) 25 Cal.3d 436, we must review the entire record to determine if there are any issues that, if resolved favorably, could result in reversal or modification of the judgment. *Wende* does not apply here. It was a criminal case, and "courts have refused to expand *Wende* to civil cases generally." (*People v. Hackett* (1995) 36 Cal.App.4th 1297, 1303; *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2 ["Generally, the Courts of Appeal have confined . . . *Wende* to criminal appeals"].)

---

[4] Because we find plaintiff's claims are time-barred, we do not address Bank of America and Countrywide's argument that her claims are precluded by judicial estoppel.

14

III

DISPOSITION

The judgment is affirmed.  Countrywide and Bank of America are entitled to their costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.

15